181 So.2d 198 (1965)
Mary A. GREEN, individually and Mary A. Green, as mother and next friend of Cheryl Green, a minor, Josie Vangates Williams, individually, and Josie Vangates Williams, as next friend of Gladys Vangates, and Earl Vangates, individually, Appellants,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland corporation, Appellee.
No. 65-376.
District Court of Appeal of Florida. Third District.
December 7, 1965.
Rehearing Denied January 10, 1966.
Alfred D. Bieley and Thomas A. Horkan, Jr., Miami, for appellants.
Carey, Terry, Dwyer, Austin, Cole & Stephens and Joseph A. McGowan, Miami, for appellee.
Before HENDRY, C.J., and TILLMAN PEARSON and BARKDULL, JJ.
PER CURIAM.
This is an appeal from a summary final decree. From the record on appeal, it appears that in 1961 the appellants were involved in an automobile accident with an alleged uninsured motorist. The appellant, *199 Josie Vangates Williams, through her lawyer, brought the accident to the attention of her insurance carrier, the appellee herein, in the spring of 1962, as follows:
 "May 29, 1962
 "Certified Mail #876274
 "U.S. Fidelity & Guaranty Company
 7950 Biscayne Boulevard
 Miami 38, Florida
 "Attn: Claim Department
 "Re: Claim of Rachel Sneed, Van
 Gates, et al., D/A: 8/27/61
"Gentlemen:
"The undersigned represents the captioned individuals who were in an auto accident on the date above indicated at the Carol City Shopping Center in Opa Locka, Florida. Previously they had been represented by Attorneys Richard Morton and Charles William Stone of Ft. Pierce, Florida.
"We are advised by the Financial Responsibility Department of the Insurance Commissioner's Office that the potential defendant in this case, Mr. Pruett, is financially without means, and we have been unable to determine the name of Mr. Pruett's liability insurance carrier, for the reason that he had none protecting him at the time of the accident out of which this claim arose.
"Accordingly, we are requesting a conference for the purpose of determining the damages to be paid to our clients by virtue of the liability insurance policy protecting them written by your company, which said policy is numbered AF-4096705, covering the period from 7/3/61 to 7/3/62. Under coverage Letter "G", we request either a conference for the purpose of determining damages to my clients, or that the carrier authorize us to bring suit against the tort feasor immediately.
"Your prompt attention to this matter would certainly be appreciated.
 Very truly yours,
 ALFRED D. BIELEY"
The insurance company notified her lawyer that they were proceeding to investigate the matter and did, in fact, investigate it until December, 1962. Thereafter, the appellant, Josie Vangates Williams, receiving no further word from the company, advised them through her lawyer that she would commence arbitration proceedings pursuant to the terms of the policy. The company acknowledged receipt of such advice, and the matter proceeded to arbitration and was set for final hearing on June 29, 1964. On June 12, 1964, the instant action was commenced in the trial court by the company (as plaintiff) filing a declaratory decree action to determine coverage and securing a temporary injunction enjoining the arbitration proceedings. Thereafter, following the matter becoming at issue and the appellants-defendants having filed affirmative defenses of waiver and estoppel, the matter came on for summary final decree and resulted in the final order here under review. The appellants urge as error on this appeal the failure of the chancellor to sustain the affirmative defenses of estoppel or waiver.
We find error, and reverse, and return the matter to the chancellor for determination of the issues as made by the pleadings. See: Emile v. First National Bank of Miami, Fla.App. 1961, 126 So.2d 305; Harrison v. McCourtney, Fla.App. 1963, 148 So.2d 53; Skaf's Jewelers, Inc. v. Antwerp Import Corp., Fla.App. 1963, 150 So.2d 260.
It is essential to coverage under the policy that the status of the motorist, as to uninsured or insured, be established. Thereafter, once this issue is resolved, it will be within the jurisdiction of the circuit court to determine the issue of liability and damages. See: Cruger v. Allstate Insurance Co., Fla.App. 1963, 162 So.2d 690; Zeagler v. Commercial Union Insurance Co. of New York, Fla.App. 1964, 166 So.2d 616; Ramirez v. Hardware Dealers Mutual Fire Insurance Company, Fla.App. 1964, 170 So.2d 317.
*200 Therefore, for the reasons stated above, the summary final decree here under review is hereby reversed, and this matter is returned to the chancellor for further proceedings.
Reversed with directions.