278 So.2d 674 (1973)
David EBENS, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 72-1133.
District Court of Appeal of Florida, Third District.
June 5, 1973.
Kates, Ress, Gomez & Rosenberg, North Miami, for appellant.
Kuvin, Klingensmith & Coon and R. Fred Lewis, Coconut Grove, for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
CARROLL, Judge.
The appellant filed a complaint in the circuit court against State Farm Mutual Automobile Insurance Company, its automobile liability insurer. It was alleged that the policy included uninsured motorist coverage; that plaintiff had received injuries caused by a hit-and-run driver when the latter cut across the path of plaintiff's vehicle causing plaintiff to swerve to avoid a collision, with the result that his vehicle overturned; that the uninsured motorist was a hit-and-run driver; that the coverage was applicable thereto, and that the plaintiff had made claim upon the insurer for uninsured motorist benefits.
Attached to the complaint was a copy of a letter to the plaintiff, from attorneys for the insurer, denying plaintiff's claim on the ground that plaintiff "has not shown the phantom vehicle does exist," and upon another ground which, though not clearly stated, appears to have been construed by the plaintiff to be a contention on the part of the insurer that such coverage would not be applicable to a hit-and-run vehicle in the absence of actual contact.
By his complaint the plaintiff sought a declaratory judgment that the uninsured motorist coverage would apply to injuries caused by a hit-and-run vehicle or driver even without physical contact, and, based on the contract provision in the policy for arbitration of such claim, prayed for an order compelling arbitration.
The defendant insurer moved to dismiss the complaint, on the ground that "declaratory judgment does not lie in a case of this type wherein a question of fact will resolve the issues." The motion was granted with leave to amend. An amended complaint was filed, substantially repeating the allegations *675 of the first complaint. A second motion to dismiss was granted, and the amended complaint was dismissed with prejudice. In the order of dismissal the court ruled, as contended for by the plaintiff, that physical contact by the hit-and-run vehicle was not essential to the coverage, citing Brown v. Progressive Mutual Insurance Company, Fla. 1971, 249 So.2d 429, which so held, as had the earlier case of Butts v. State Farm Mutual Automobile Ins. Co., Fla.App. 1968, 207 So.2d 73.
However, the trial court held that the issue of whether or not any hit-and-run motorist was involved was a question of fact that was not properly determinable on arbitration, and therefore denied the motion to compel arbitration. In so holding the trial court was in error.
We agree with the contention of the appellant that the question of whether or not a hit-and-run vehicle was involved was not an issue relating to coverage, but was an issue bearing on the right of the plaintiff to recover under the uninsured (hit-and-run) motorist coverage provision of the policy. For example, if the insurer had contended that the alleged accident did not occur, the issue thus created would not be one of coverage but would be one as to whether there was a right or basis for recovery under the coverage provided for in the policy. Such an issue, as with other issues of fact bearing on the right of recovery, are subject to determination in the arbitration. Consistent with the view of this court as just expressed, is a discussion of that feature in the appellant's brief as follows:
"It is conceded that Ebens would have to factually establish the existence of the alleged hit and run vehicle, along with other facts before he would be entitled to recover on his claim; such as that the other vehicle, in fact, caused the accident and that the other driver was legally negligent in the causation of the accident and if the affirmative defense of contributory negligence were to be raised that he was, in fact, free from contributory negligence. The significance of all these acknowledged factual controversies is that they go to the merits of the claim and are resolved by the finder of fact. It is respectfully submitted that none of these factual controversies effect the existence of the uninsured motorist coverage that Ebens contracted for with State Farm, but only go to his entitlement to recover against the protection purchased."
We hold that it was error to dismiss the complaint. Unless, following remand of the cause, it shall be made to appear that the alleged agreement or provision for arbitration does not exist in the policy, the plaintiff's motion to compel arbitration should be granted, as provided for in § 682.03 Fla. Stat., F.S.A.
Judgment of dismissal reversed, and cause remanded for further proceedings.