290 So.2d 67 (1974)
Edward A. HAYSTON, a Minor, by and through His Mother, Natural Guardian and Next Friend, Norma Braese, and Norma Braese, Individually, Appellants,
v.
ALLSTATE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 73-601.
District Court of Appeal of Florida, Third District.
February 19, 1974.
Kates, Ress, Gomez & Rosenberg, North Miami, and Eleanor Levingston Schockett, for appellants.
Talburt, Kubicki & Bradley and Robert J. Dickman, Miami, for appellee.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
This is an appeal by the plaintiff, Edward Hayston, a minor, by and through his mother and next friend, Norma Braese, from a final summary judgment in favor of the defendant.
On April 21, 1972, plaintiff Hayston was involved in an automobile accident with another vehicle operated by one David McConnell and owned by one John Jordan. McConnell had no automobile liability insurance *68 policy. However, Jordan had a policy in effect with Travelers Indemnity Company, which provided coverage to the vehicle and to McConnell as a permissive user of the automobile.
Hayston was an insured under a policy issued by the defendant. The policy provided uninsured motorist protection, and pursuant to that portion of the policy, Hayston demanded arbitration on May 26, 1972. The insurance company on June 23, 1972 made a preliminary appearance in the arbitration proceeding. However, on August 25, 1972 the defendant informed the American Arbitration Association that there was no uninsured motorist coverage applicable to the plaintiff and therefore the defendant would not participate in the arbitration. This was six days before the scheduled arbitration. Consequently, the proceeding was held ex parte and plaintiff was awarded $10,000. Thereafter, plaintiff filed a complaint in circuit court seeking confirmation and enforcement of the award. The defendant reasserted its position by counterclaim that the plaintiff was not covered because the Jordan vehicle was not an uninsured automobile. The trial court entered final summary judgment in favor of the defendant.
Plaintiff raises two points on appeal: (1) the uninsured motorist provision was applicable where the operator of the vehicle, McConnell, did not own a policy, even though the owner, Jordan, did have a policy covering the driver of the vehicle operating the car with the permission and consent of the owner. (2) The insurance company waived its coverage defense by failing to seek a judicial determination prior to the time its insured had completed arbitration proceedings. We disagree with both points.
An unambiguous insurance contract must be given effect as written. Boyd v. United States Fidelity & Guaranty Co., Fla. 1971, 256 So.2d 1. The pertinent provisions of the contract in this case read as follows:
"Allstate will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile."
* * * * * *
"`[U]ninsured automobile' means an automobile:
"1. With respect to the ownership, maintenance or use of which there is no bodily injury liability insurance applicable at the time of accident; or
"2. Used without the permission of the owner thereof if there is no bodily injury liability insurance applicable at the time of the accident with respect to the operator thereof."
Plaintiff relies upon Allstate Insurance Company v. Chastain, Fla.App. 1971, 251 So.2d 354, wherein the driver of the auto was insured, but the owner was uninsured. This court found ambiguity in the contractual language respecting an "uninsured automobile" which read "with respect to any person or organization legally responsible for the use of such automobile ..." Therein it was contended that since the owner had no policy in effect and since the owner was "legally responsible for the use of the automobile," the car was uninsured.
The facts are the opposite in the instant case. The owner was insured. Moreover, the Allstate policy has been rewritten since Chastain. The policy now clearly envisions that where a bodily injury liability insurance policy is applicable at the time of the accident, then the uninsured motorist portion of the policy is inapplicable.
Plaintiff's second point raises waiver of non-coverage by the insurance company. The question of coverage is a *69 judicial question and may not be determined by arbitration. Therefore, assuming the defendant had fully participated in the arbitration proceeding in this case, its challenge to coverage in circuit court would not have been waived. Midwest Mutual Insurance Co. v. Santiesteban, Fla., 287 So.2d 665, opinion filed December 12, 1973; Six L's Packing Co. v. Florida Farm Bureau Mutual Insurance Co., Fla. App. 1972, 268 So.2d 560. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.