332 So.2d 636 (1976)
INDUSTRIAL FIRE AND CASUALTY INSURANCE COMPANY, Appellant,
v.
Gerard COQUEMARD, Appellee.
No. 75-1401.
District Court of Appeal of Florida, Third District.
May 25, 1976.
*637 Hawkesworth & Schmick, Miami, for appellant.
Richard M. Gale, Charles Nackley, Jr., Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant insurer seeks review of a final judgment granting plaintiff's petition to confirm an arbitration award.
While driving his mother-in-law to the airport, plaintiff, Gerard Coquemard's car was struck from behind by another vehicle. Gerard wrote down the driver's name, license tag number and asked him to remain at the scene of the accident until he returned from the airport. During the trip he lost the paper and upon returning to the accident scene, discovered the driver had left. He reported the accident to the police and filed a claim under the uninsured motorist provision of his liability policy issued by the appellant, Industrial Fire and Casualty Insurance Company. They were unable to agree to a settlement and pursuant to the terms of Gerard's policy, the issues of liability and damages were submitted to arbitration. The arbitrators awarded Gerard $1,500. Industrial refused to pay and Gerard filed a petition to confirm the arbitration award. Industrial filed an application to vacate the award on the ground that there was no hit and run driver involved because it was Gerard's mistake in losing the paper identifying the tort feasor and Industrial should not be made to suffer for Gerard's mistake. After a hearing on the petition and application, the trial judge entered final judgment confirming the award. We affirm.
First, the issue of liability submitted at the request of Industrial was a matter properly subject to determination in arbitration. See Ebens v. State Farm Mutual Automobile Insurance Company, Fla. App. 1973, 278 So.2d 674. Second, Industrial has failed to allege any of the grounds upon which an arbitration award may be vacated and is simply attempting to again litigate the merits of the controversy which it may not do. See § 682.13, Fla. Stat., F.S.A. and Bankers & Shippers Insurance Company v. Gonzalez, Fla.App. 1970, 234 So.2d 693 and cases cited therein.
Affirmed.