346 So.2d 111 (1977)
AETNA CASUALTY AND SURETY COMPANY, Appellant,
v.
Stuart GOLDMAN, Appellee.
No. 76-493.
District Court of Appeal of Florida, Third District.
May 24, 1977.
Kates, Ress, Gomez & Rosenberg, North Maimi, for appellant.
Nachwalter, Christie & Falk and Steven P. Kronenberg, Miami, Sam Spector, Tallahassee, for appellee.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
*112 PER CURIAM.
The appellee, Goldman, insured an automobile with the appellant, Aetna. During the policy period, he undertook to use his automobile and when he turned on the ignition a bomb exploded, seriously injuring him. The policy contained a provision for arbitration.[1]
On October 27, 1974, Goldman's car exploded due to a bomb. Goldman was told that a late model brown car was seen leaving near his own car prior to the explosion. Goldman did not know who had placed the bomb, nor was it ever ascertained who the owner and driver was of the late model brown car. Goldman applied for uninsured motorist benefits under his policy with Aetna and, on February 4, 1975, filed a demand for arbitration. After demand for arbitration, but before the scheduled hearing, Aetna filed its complaint for declaratory relief, contending that Goldman was not entitled to uninsured motorist benefits to which he made a claim. Both parties moved for summary judgment. Goldman filed a motion to dismiss Aetna's complaint; the trial court granted Goldman's motion to dismiss, concluding issues involved were to proceed to arbitration. This appeal ensued.
The appellant contends the trial court erred in granting the motion to dismiss the complaint and that issues should be determined by a panel of arbitrators. Appellant contends the trial court should have ruled on the legal issue as to whether uninsured motorist coverage was applicable, because in this case it cannot be reasonably concluded that the injuries of Goldman resulted from the ownership, maintenance or use of an uninsured motorist. The appellant also contends that the trial court erred in failing to grant the motion for summary judgment filed by it, since as a matter of law it could not be concluded that Goldman's injuries arose out of the ownership, use, or maintenance of either an uninsured or hit-and-run vehicle, as defined under Section 627.727, Florida Statutes (1975), or in the policy between the parties.
We reverse on the error alleged in dismissing the declaratory decree action, with instructions to the trial court to enjoin the arbitration proceedings and to determine the issue of coverage. This court, in Cruger v. Allstate Insurance Company, 162 So.2d 690 (Fla.3rd D.C.A. 1964), clearly outlined that in this State [notwithstanding any provisions pertaining to arbitration in an insurance contract] the question of coverage was a judicial matter to be determined in the courts. This case has been followed in Zeagler v. Commercial Union Insurance Company of New York, 166 So.2d 616 (Fla.3rd D.C.A. 1964); Jones v. New Amsterdam Casualty Company, 213 So.2d 502 (Fla.3rd D.C.A. 1968); Perez v. State Automobile Insurance Association, 270 So.2d 377 (Fla.3rd D.C.A. 1972); Government Employees Insurance Company v. Mirth, 333 So.2d 545 (Fla.3rd D.C.A. 1976).
We do not agree with the appellant's second point; that we should direct the trial judge to grant Aetna's motion for summary judgment. No ruling having been made by the trial judge, the matter should first be presented to and ruled on by the trial court.
This opinion is not to be construed as finding that there is or is not coverage under the facts alleged, but the matter is returned to the trial court for further proceedings to determine this issue.
Reversed and remanded to the trial court, with directions.
NOTES
[1] "ARBITRATION. If any person making claim hereunder and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the Insured, or do not agree as to the amount of payment which may be owing under this Coverage, then, upon written demand of either, the matter or matters upon which such person and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Coverage."