372 So.2d 207 (1979)
VIGILANT INSURANCE COMPANY, Appellant,
v.
Sandra KELPS, Appellee.
No. 78-2132.
District Court of Appeal of Florida, Third District.
June 26, 1979.
*208 Walton, Lantaff, Schroeder & Carson and Joan S. Buckley, Miami, for appellant.
Stone, Sostchin & Gonzalez and Gisela Cardonne, Miami, for appellee.
Before HENDRY, KEHOE and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The lower court granted summary judgment to the plaintiff-appellee compelling the defendant-insurance company to arbitrate a claim for personal injuries under her policy's uninsured motorist provisions. The claim arose when the car in which Mrs. Kelps was a passenger struck a vehicle which was allegedly improperly parked at the side of the road; she contends that the negligent parking was a legal cause of the accident. The record concededly does not affirmatively establish that the parked vehicle was in fact not covered by liability insurance. Thus, the entry of a summary judgment on that issue could not be upheld. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). The plaintiff argued below, however, and the trial judge agreed, that the question as to whether the tortfeasor's vehicle was insured was one properly to be decided in arbitration, rather than by the court. We hold to the contrary and reverse the judgment below.
It is well-settled that issues concerning the existence of uninsured motorist coverage may be determined only by the court, and, conversely, may not be a subject of the arbitration proceedings commonly provided for in such policies. Aetna Casualty and Surety Co. v. Goldman, 346 So.2d 111 (Fla. 3d DCA 1977); Government Employees Ins. Co. v. Mirth, 333 So.2d 545 (Fla. 3d DCA 1976); Zeagler v. Commercial Union Ins. Co. of New York, 166 So.2d 616 (Fla. 3d DCA 1964); Cruger v. Allstate Ins. Co., 162 So.2d 690 (Fla. 3d DCA 1964), writ disch. 172 So.2d 450 (Fla. 1965). It is just as clear that no UM coverage exists if the offending motorist is not actually un- or underinsured. Hayston v. Allstate Ins. Co., 290 So.2d 67 (Fla. 3d DCA 1974); Green v. United States Fidelity and Guaranty Co., 181 So.2d 198, 199 (Fla. 3d DCA 1965) ("It is essential to coverage under the policy that the status of the motorist, as to uninsured or insured, be established.") To complete the syllogism, it therefore follows that the court, and not the arbitrators, must determine the insurance status of the allegedly negligent driver (or parker) of the vehicle in question. Government Employees Ins. Co. v. Mirth, supra, squarely so holds. At 333 So.2d 547, this court stated:
"... the trial court should have decided the issue created by that allegation and its denial and thereby determined either that the tortfeasor's motor vehicle was uninsured and presence of a provision for arbitration, or that such motor vehicle was insured in which event there would be no provision for arbitration of *209 Mirth's claim against Purcell, and Geico would be entitled to an order staying the proposed arbitration."
The cases cited by the appellee, Industrial Fire and Casualty Ins. Co. v. Coquemard, 332 So.2d 636 (Fla. 3d DCA 1976) and Ebens v. State Farm Mutual Auto. Ins. Co., 278 So.2d 674 (Fla. 3d DCA 1973), do not support her position. Each holds merely that issues as to the liability of an admittedly uninsured (or hit-and-run) motorist were for the arbitrators to decide. The insured status of the vehicle, which is the question involved in this case, goes to the existence of coverage, which only the court has the power to resolve.
The summary judgment under review is reversed and the cause is remanded for further consistent proceedings.[1]
Reversed and remanded.
NOTES
[1] The record also indicates an unresolved issue as to whether the identity of the owner and operator of the parked vehicle was not discoverable and thus whether the car was a "hit-and-run" vehicle which is, in effect, deemed to have been uninsured as a matter of law. Brown v. Progressive Mutual Ins. Co., 249 So.2d 429 (Fla. 1971); Industrial Fire and Casualty Ins. Co. v. Coquemard, supra. Since the plaintiff-movant did not conclusively establish that this was the case, however, the summary judgment cannot be upheld on this alternative ground. Holl v. Talcott, supra.