421 So.2d 759 (1982)
STATE FARM FIRE & CASUALTY COMPANY, Appellant,
v.
Gary A. GLASS and Leora Glass, His Wife, Appellees.
Nos. 81-2312, 82-86.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
*760 Gordon B. Linn of Gunther, Grimmett & Whitaker, Fort Lauderdale, for appellant.
Henry Laffer, Sunrise, for appellees.
DOWNEY, Judge.
State Farm Fire & Casualty Company seeks reversal of two judgments entered in favor of appellees, Gary and Leora Glass. The first judgment dismissed appellant's counterclaim. The second judgment granted appellees a summary judgment and directed the parties to proceed to arbitration.
The litigation was commenced by the Glasses' filing a complaint to compel arbitration pursuant to the terms of their automobile insurance policy issued by appellant. The complaint alleged that the Glasses had sustained injuries and damages as a result of the negligence of an uninsured motorist, and that a claim had been submitted to appellant and denied. It was further alleged that the Glasses had then demanded arbitration and that, too, had been declined. Accordingly, the Glasses prayed for an order requiring appellant to arbitrate. Appellant answered generally denying the allegations of the complaint and contending that it is not required to arbitrate because uninsured motorist coverage does not exist under the circumstances of this case since the accident in question did not arise out of the operation, maintenance or use of an uninsured motor vehicle. Appellant also filed a counterclaim for declaratory relief, in which it requested the court to declare that the Glasses did not have uninsured motorist coverage under the circumstances of this case. The trial court issued an order on November 13, 1981, dismissing the counterclaim and granted a motion for summary judgment on December 22, 1981, directing the parties to proceed to arbitration. Those judgments are the subject of these consolidated appeals.
The existence of insurance coverage is a question for the court, not one for arbitration. As the court stated in Vigilant Insurance Company v. Kelps, 372 So.2d 207 (Fla. 3rd DCA 1979):
It is well-settled that issues concerning the existence of uninsured motorist coverage may be determined only by the court, and, conversely, may not be a subject of the arbitration proceedings commonly provided for in such policies. Aetna Casualty and Surety Co. v. Goldman, 346 So.2d 111 (Fla. 3d DCA 1977); Government Employees Ins. Co. v. Mirth, 333 So.2d 545 (Fla. 3d DCA 1976); Zeagler v. Commercial Union Ins. Co. of New York, 166 So.2d 616 (Fla. 3d DCA 1964); Cruger v. Allstate Ins. Co., 162 So.2d 690 *761 (Fla. 3d DCA 1964), writ disch. 172 So.2d 450 (Fla. 1965). It is just as clear that no UM coverage exists if the offending motorist is not actually un- or underinsured. Hayston v. Allstate Ins. Co., 290 So.2d 67 (Fla. 3d DCA 1974); Green v. United States Fidelity and Guaranty Co., 181 So.2d 198, 199 (Fla. 3d DCA 1965) ("It is essential to coverage under the policy that the status of the motorist, as to uninsured or insured, be established.") To complete the syllogism, it therefore follows that the court, and not the arbitrators, must determine the insurance status of the allegedly negligent driver (or parker) of the vehicle in question. Government Employees Ins. Co. v. Mirth, supra, squarely so holds.
372 So.2d 207, at 208.
See also: Hartford Accident & Indemnity Company v. Classie, 396 So.2d 1204 (Fla. 3rd DCA 1981). Appellees rely heavily upon the case of Ebens v. State Farm Mutual Automobile Insurance Company, 278 So.2d 674 (Fla. 3rd DCA 1973). However, as the same court stated in Vigilant, supra, its prior decision in Ebens, supra, merely held that issues of liability of an admittedly uninsured motorist were for the arbitrators to decide. Concededly, there is some confusion in the cases, probably caused by the use of the terms "liability" and "coverage." We understand the law to be that, after the court has determined that the insured's uninsured motorist policy is applicable to the case at hand, the arbitrators then determine the liability of the carrier, i.e., how much, if anything, the carrier must pay for the insured's alleged damages.
Given the foregoing, the trial court erred in dismissing appellant's counterclaim and in ordering the parties to arbitrate. The counterclaim poses a serious question as to whether the Glasses' policy covers the factual situation surrounding the accident. That question should first be determined by the court and, if the coverage applies, then the court should refer the parties to arbitration.
The two judgments under review are reversed and the cause is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
LETTS, C.J., and WALDEN, J., concur.