435 So.2d 926 (1983)
David M. HARRIS, Appellant,
v.
Dale A. HAUGHT, Appellee.
No. AN-429.
District Court of Appeal of Florida, First District.
July 29, 1983.
Jack F. Milne, of Milne, Hodge & Milne, Jacksonville, for appellant.
John T. Trekell and Stephen Hould, of Trekell & Smith, P.A., Jacksonville, for appellee.
ZEHMER, Judge.
This is an appeal from a summary judgment in favor of appellee, Haught, confirming an arbitration award pursuant to Section *927 682.12, Florida Statutes (1981), and awarding attorney's fees to Haught under Section 57.105, Florida Statutes (1981). We affirm in part and reverse in part.
On May 18, 1978, Dale A. Haught entered into a general partnership agreement with David M. Harris and Frank W. Mumby, III, creating Harris-Mumby-Haught Enterprises (hereafter H-M-H). The agreement specifically provided for arbitration in the event of a dispute between the partners. On March 8, 1979, Haught notified Harris and Mumby that he was withdrawing from the partnership and demanded an accounting.
On July 17, 1979, in connection with a different partnership, known as Harris-Haught Company, Harris and Haught executed an agreement for the purpose of apportioning the assets of that partnership. That agreement, which did not mention the H-M-H partnership, provided in part:
6. The parties heretofore stated that neither knows of any assets or liabilities of the PARTNERSHIP not herein disclosed, and each is relying on such representations. However, in the event any claim should be made against either party for any liability or obligation, whether sustainable or not, incurred by the other party, in his own behalf or that of the PARTNERSHIP, such party so incurring the alleged obligation or liability, agrees to assume all liability therefor, and will indemnify and hold the other harmless for any loss the latter may sustain as a result thereof.
Following the satisfactory completion of all actions called for in paragraphs 1-5 herein, each party releases the other from any further [sic] liability or obligation to such party of any nature whatsoever, except for the indemnification provision in the paragraph immediately preceeding [sic] this paragraph (relative to unknown liabilities and obligations) and with the exception of any tax liabilities attributable to the partnership.
On December 10, 1979, Haught made a claim against Harris and Mumby for repayment of loans to the H-M-H partnership in the amount of $5600. Such claim was refused, and on January 11, 1980, in accordance with the arbitration agreement, Haught demanded arbitration. On July 15, 1980, Haught filed an amended arbitration claim seeking an accounting between the parties with respect to the H-M-H partnership. Harris and Mumby formally responded to this amended arbitration claim by alleging that paragraph 6 of the July 17, 1979, agreement between Haught and Harris, regarding the Harris-Haught Company, operated to release Harris and Mumby from any further liability to Haught with respect to the H-M-H partnership. On October 12, 1981, the arbitrator concluded the accounting of H-M-H and awarded Haught $5600, to be recovered from Harris and Mumby.
Harris and Mumby refused to comply with this arbitration award, and shortly thereafter Haught filed a complaint in circuit court seeking damages and attorney's fees for their refusal to pay.[1] Harris and Mumby answered, setting forth the affirmative defense that paragraph 6 of the July 17, 1979, agreement operated to release both Harris and Mumby from further liability to Haught. They also counterclaimed for damages and fees based upon Haught's alleged breach of the indemnity agreement contained in paragraph 6 of the July 17, 1979, agreement. Haught moved to strike appellant's affirmative defense and counterclaim on the ground that the issues raised therein had been resolved by the arbitration award and moved for summary judgment. The trial court granted both the motion to strike and the motion for summary judgment, ruling that Harris and Mumby *928 were merely attempting to relitigate issues resolved through arbitration. The court also awarded attorney's fees to Haught under Section 57.105, Florida Statutes (1981), apparently based upon the finding that appellant was merely attempting to relitigate the arbitration issues.
Upon a complete review of the record and consideration of the parties' arguments, we hold that the trial court properly struck appellant's affirmative defense and counterclaim and properly granted summary judgment to Haught. The July 17, 1979, agreement refers only to the Harris-Haught Company partnership, not the H-M-H partnership. Whether that agreement was also intended to operate as a blanket release of all claims raised by appellee in his requested accounting of the H-M-H partnership does not appear from the face of the document.
However, Harris voluntarily arbitrated whether the release provision in the July 17, 1979, agreement operated to free him from liability to Haught for the $5600 claimed in the accounting of the H-M-H partnership. Where an issue is voluntarily submitted to arbitration, the award cannot be vacated based upon reargument of the issue decided by the arbitrator. Industrial Fire & Casualty Ins. Co. v. Coquemard, 332 So.2d 636 (Fla. 3d DCA 1976); City of Miami v. Fraternal Order of Police, 368 So.2d 56 (Fla. 3d DCA 1979). Even though appellant now argues that the arbitrator lacked jurisdiction to construe the release provision, his voluntary submission of such issue to the arbitrator without objection as to the arbitrator's jurisdiction forecloses that argument on appeal. City of Miami v. Fraternal Order of Police, supra. See also, Bankers & Shippers Ins. Co. v. Gonzalez, 234 So.2d 693 (Fla. 3d DCA 1970); Frank J. Rooney, Inc. v. Charles W. Ackerman of Florida, Inc., 219 So.2d 110 (Fla. 3d DCA 1969).
This proceeding is governed by the provisions of the Florida Arbitration Code, Chapter 682, Florida Statutes (1981). Section 682.13 provides five grounds on which a trial court may vacate an arbitration award:
(1) Upon application of a party, the court shall vacate an award when:
(a) The award was procured by corruption, fraud or other undue means.
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.
(c) The arbitrators or the umpire in the course of his jurisdiction exceeded their powers.
(d) The arbitrators or the umpire in the course of his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of s. 682.06, as to prejudice substantially the rights of a party.
(e) There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under s. 682.03 and unless the party participated in the arbitration hearing without raising the objection.
But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.
An arbitration award can be vacated only upon the grounds stated in Section 682.13. Dairyland Ins. Co. v. Hudnall, 279 So.2d 905 (Fla. 3d DCA 1973). Since appellant failed to plead any of the statutory grounds for vacation of the arbitration award in his affirmative defense or counterclaim, confirmation of the award and entry of final judgment for Haught was not error.[2]
*929 The trial court also awarded attorney's fees to Haught under Section 57.105, Florida Statutes (1981). The court's finding that appellant was merely attempting to relitigate issues submitted to arbitration is not sufficient to satisfy the required finding, essential to liability under that statute, that there was a "complete absence of a justiciable issue of either law or fact raised by the losing party." Since we are unable to agree that the issues raised by appellant were entirely frivolous, we reverse that portion of the final judgment awarding attorney's fees. Suwannee County v. Garrison, 417 So.2d 1070 (Fla. 1st DCA 1982); Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla. 1982); Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980).
The judgment is affirmed in part and reversed in part, and the case is remanded for entry of an amended final judgment in conformity with this opinion.
NOTES
[1] Section 682.17, Florida Statutes (1981), provides that a party seeking confirmation of an arbitration award shall make application to the circuit court by motion, and such proceeding shall follow the rules of court for the making and hearing of motions. Although appellee filed a complaint in this case seeking damages for appellant's failure to comply with the arbitration award, the trial court properly treated this proceeding as an application for confirmation of the arbitration award in accordance with Chapter 682. Kest v. Nathanson, 184 So.2d 690 (Fla. 4th DCA 1966).
[2] We only hold that the release provision in such agreement does not operate to bar appellant's $5600 liability to appellee in the accounting regarding the H-M-H partnership and that the counterclaim Harris attempted to file did not allege a permissible ground for vacating or modifying the arbitration award.