460 So.2d 981 (1984)
Tina M. BRADLEY, Appellant,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 84-209.
District Court of Appeal of Florida, Third District.
December 18, 1984.
Sheldon R. Rosenthal, Miami, for appellant.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Bradford A. Thomas, Miami, for appellee.
Before BARKDULL and DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
We affirm the final judgment entered in favor of Government Employees Insurance Company (GEICO) upon a holding that (1) in deciding whether the plaintiff-appellant was entitled to uninsured motorist coverage under the GEICO policy, the trial court, not the arbitrators, was required to determine whether the uninsured motorist policy applied to the case at hand, State Farm Fire & Casualty Co. v. Glass, 421 So.2d 759 (Fla. 4th DCA 1982), and was empowered to make the threshold factual determination that the uninsured motorist was not solely responsible for the plaintiff's injuries and that the negligence of the insured motorist contributed to the accident as well, see Travelers Insurance Co. v. Wilson, 371 So.2d 145 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 762 (Fla. 1980); and (2) because the appellant had available to her, indeed recovered, benefits from the insured tortfeasor's liability insurer in an amount in excess of the uninsured motorist coverage available under the GEICO policy, she is not entitled to uninsured motorist benefits. See Progressive American Insurance Co. v. McKinnie, 460 So.2d 389 (Fla. 4th DCA 1984); Craft v. Government Employees Insurance Co., 432 So.2d 1343 (Fla. 2d DCA), rev. denied, 440 So.2d 351 (Fla. 1983); Scharfschwerdt v. Allstate Insurance Co., 430 So.2d 578 (Fla. 5th DCA 1983); United States Fidelity and Guaranty Co. v. Timon, 379 So.2d 113 (Fla. 1st DCA 1979); Behrmann v. Industrial Fire & Casualty Insurance Co., 374 So.2d 568 (Fla. 3d DCA 1979); Travelers Insurance Co. v. Wilson, 371 So.2d 145.
Affirmed.