472 So.2d 547 (1985)
NATIONWIDE INSURANCE COMPANY, Petitioner,
v.
Sunny COOPERSTOCK, Respondent.
No. 85-74.
District Court of Appeal of Florida, Fourth District.
July 3, 1985.
*548 Valerie Shea and David F. Cooney of Conrad, Scherer & James, Fort Lauderdale, for petitioner.
Marcia E. Levine of Fazio, Dawson & DiSalvo, Fort Lauderdale, for respondent.

ON PETITION FOR WRIT OF COMMON-LAW CERTIORARI
PER CURIAM.
Petitioner, Nationwide Insurance Co., seeks review of the trial court's order granting respondent's motion to compel arbitration.
The respondent insured was driving in Fort Lauderdale when on Oakland Park police officer struck her car in the rear while in pursuit of a fleeing felon. The insured thereafter initiated a claim against her insurer, Nationwide, for uninsured motorist benefits. Nationwide brought an action for declaratory judgment to determine whether the insured's coverage applied.
After the denial of her motion to dismiss, the insured moved to compel arbitration urging that the liability of the police car driver was a question of fact to be determined by the arbitrators. The court found that the question of negligence, if any, on the part of the insured and the other two motorists must be determined by arbitrators, citing Ebens v. State Farm Mutual Automobile Ins. Co., 278 So.2d 674 (Fla. 3d DCA 1973).
If the fleeing felon and the police officer are joint tortfeasors, the insured has no right to seek uninsured motorist benefits from Nationwide. Nationwide strenuously argues that the negligence of the officer is a question which the court, not arbitrators, must decide in determining coverage. We agree.
Coverage issues are for a court of law to decide. Liability issues are for arbitrators to decide. State Farm Fire & Casualty Co. v. Glass, 421 So.2d 759 (Fla. 4th DCA 1982). Our task here is to determine whether it is for the court or arbitrators to decide the issue as to negligence of the police car. We believe it is the former.
While the Ebens case is relevant, we feel that in view of Bradley v. GEICO, 10 F.L.W. 72 (Fla. 3d DCA Dec. 18, 1984) and State Farm Fire & Casualty Co. v. Glass, supra, the order compelling arbitration is erroneous. Bradley particularly is on point. There the third district affirmed a final judgment in favor of the insurer finding that the trial court was "empowered to make the threshold factual determination that the uninsured motorist was not solely responsible for the plaintiff's injuries and that the negligence of the insured motorist contributed to the accident as well." (emphasis in original). Section 86.011, Florida Statutes (1983), provides that the circuit court may render declaratory judgments on the existence, or nonexistence of any immunity power, privilege or right, or of any fact upon which such may depend. Here, as in Cruger v. Allstate Insurance Co., 162 So.2d 690 (Fla. 3d DCA 1964), the true question being litigated is coverage, notwithstanding the fact that the legal question as to coverage turned on an issue of fact.
CERTIORARI GRANTED. THE CAUSE IS REMANDED FOR FURTHER PROCEEDINGS.
DOWNEY and LETTS, JJ., concur.
ANSTEAD, J., dissents without opinion.