PER CURIAM.
Defendant appeals a final judgment striking its affirmative defense of no uninsured motorist coverage on the theory that there were joint tortfeasors, one of whom had liability coverage equal to or greater than the uninsured motorist coverage available to the appellee. The court struck this affirmative defense and entered a final judgment referring the matter to arbitration. We reverse.
The question of coverage under an insurance policy is for the trial court, even though, to determine coverage it may be necessary to ascertain a fact, to wit: the existence of a hit and run vehicle and the extent or lack thereof of insurance coverage applicable to said vehicle. Therefore it was error to refer these issues to arbitration. Bradley v. Government Employees Insurance Company, 460 So.2d 981 (Fla. 3d DCA 1984); State Farm Fire & Casualty Company v. Glass, 421 So.2d 759 (Fla. 4th DCA 1982); Vigilant Insurance Company v. Kelps, 372 So.2d 207 (Fla. 3d DCA 1979). Once a trial court assumes jurisdiction in a declaratory decree action as outlined above, it should determine all the remaining issues between the parties. Travelers Insurance Company v. Wilson, 371 So.2d 145 (Fla. 3d DCA 1979); Lumbermen’s Mutual Casualty Company v. Beaver, 355 So.2d 441 (Fla. 4th DCA 1978); Cruger v. Allstate Insurance Company, 162 So.2d 690 (Fla. 3d DCA 1964).
*301 The final judgment under review is reversed and the matter returned to the trial court with directions to reinstate the affirmative defense and to then determine the matter under the pleadings.
Reversed and remanded with directions.