SCHWARTZ, Chief Judge.
We again follow our repeated holdings that the simple non-coverage question of whether the negligence of a hit-and-run, so-called “phantom” driver[1] contributed to the accident of which a UM insured complains is a question for the arbitrators, not the court. Ebens v. State Farm Mutual Automobile Ins. Co., 278 So.2d 674 (Fla. 3d DCA 1973); Industrial Fire & Casualty Ins. Co. v. Coquemard, 332 So.2d 636 (Fla. 3d DCA 1976); Florida Ins. Guaranty Ass’n, Inc. v. Eberhart, 354 . So.2d 1265 (Fla. 3d DCA 1978); see also Stack v. State Farm Mutual Automobile Ins. Co., 507 So.2d 617 (Fla. 3d DCA 1987).
The cases upon which the appellant relies are distinguishable in that each involves a separate issue as to a disputed question of *650 coverage. E.g., Bradley v. Government Employees Ins. Co., 460 So.2d 981 (Fla. 3d DCA 1984) (question of whether another insured tortfeasor was involved, thus precluding UM coverage, see Bayles v. State Farm Mutual Automobile Ins. Co., 483 So.2d 402 (Fla.1985)); Criterion Ins. Co. v. Amador, 479 So.2d 300 (Fla. 3d DCA 1985) (same); Vigilant Ins. Co. v. Kelps, 372 So.2d 207, 208 (Fla. 3d DCA 1979) (question of whether second vehicle was hit-and-run or otherwise uninsured); see generally State Farm Fire & Casualty Co. v. Glass, 421 So.2d 759 (Fla. 4th DCA 1982).
Affirmed.

. Such an operator is conclusively deemed an uninsured motorist as a matter of law. Vigilant Ins. Co. v. Kelps, 372 So.2d 207, 209 n. 1 (Fla. 3d DCA 1979).