561 So.2d 465 (1990)
ALLSTATE INSURANCE COMPANY, aPPELLANT,
v.
Donald B. BANASZAK, Appellee.
No. 87-0707.
District Court of Appeal of Florida, Fourth District.
May 23, 1990.
Rehearing Denied May 23, 1990.
*466 John R. Hargrove and Lillian P. Wolf of Heinrich, Gordon, Batchelder, Hargrove, Weihe & Gent, Fort Lauderdale, for appellant.
David R. Wellens of Law Offices of David R. Wellens, Fort Lauderdale, for appellee.
HERSEY, Chief Judge.
In this action involving uninsured motorist coverage, the trial court granted a motion to compel arbitration. The insurer appeals, arguing that a preliminary issue of coverage must be decided by the court before the question of damages may be submitted to arbitration. We agree and reverse.
Of the four issues raised by appellant we discuss only the dispositive one to which we have already made reference.
Donald Banaszak was injured in an automobile accident while a passenger in an automobile being operated by Robert Keshigian. The second automobile involved in the accident, whose operator was at fault, was uninsured. Banaszak filed an action seeking to recover for alleged negligence of Barrett, the operator of the second automobile. In the same action, Banaszak seeks declaratory relief against his uninsured motorist insurance carrier, appellant, Allstate.
At the hearing on the motion to compel arbitration, the trial court specified that the arbitrators should decide "whether the driver [of the car] in which the plaintiff [was a] passenger was in any way negligent as it would be an issue of comparative negligence with the uninsured motor vehicle, ... ." This driver, Keshigian, is insured by State Farm with policy limits of $200,000, which amount exceeds the value of the damages claimed by Banaszak. Allstate argues that the trial court, by ordering that the issue of Keshigian's negligence be determined by arbitration, ordered arbitration of a coverage issue which is a judicial question and may not be determined by arbitration. Nationwide Ins. Co. v. Cooperstock, 472 So.2d 547, 548 (Fla. 4th DCA 1985). For the following reasons, the issue submitted to arbitration was, in actuality, an issue of the existence of uninsured motorist coverage, rather than an issue of Banaszak's right to recover under his policy; thus, the issue was not properly determinable by arbitration.
Florida case law discussing the issue of whether an order to arbitrate the existence of negligence on the part of an alleged tortfeasor not a party to the action constitutes an unarbitrable issue of coverage in an uninsured motorist action is not well defined. However, Allstate properly relies on Cooperstock and Bradley v. Government Employees Ins. Co., 460 So.2d 981 (Fla. 3d DCA 1984), for the proposition that such an order is inappropriate. In Bradley, the third district held that, in deciding whether the plaintiff-appellant was entitled to uninsured motorist coverage, the court, not the arbitrators, was required to determine whether the uninsured motorist policy was applicable; the court "was empowered to make the threshold factual determination that the uninsured motorist was not solely responsible for the plaintiff's injuries and that the negligence of the insured motorist contributed to the accident as well." Id.
In Cooperstock, the plaintiff-insured was driving when a police officer in pursuit of a fleeing felon struck her car. The plaintiff initiated a claim against her insurer, Nationwide, for uninsured motorist benefits. Urging that the liability of the operator of the police car was a question of fact to be determined by the arbitrators, plaintiff moved to compel arbitration. The trial court found that the question of negligence, if any, on the part of the insured *467 and the other two motorists must be determined by arbitrators, citing Ebens v. State Farm Mut. Auto. Ins. Co., 278 So.2d 674 (Fla. 3d DCA 1973). On appeal, Nationwide argued that the negligence of the officer is a question which the court, not arbitrators, must decide in determining coverage, due to the fact that if the fleeing felon and the police officer are joint tortfeasors, the insured has no right to seek uninsured motorist benefits.
The Cooperstock court based its rationale on Bradley and held that the negligence of the police officer who struck plaintiff's car was a question which the court, not arbitrators, must decide in determining coverage. Cooperstock reasoned that, "the true question being litigated is coverage, notwithstanding the fact that the legal question as to coverage turned on an issue of fact." Cooperstock, 472 So.2d at 548.
Banaszak argues that the holdings in Bradley and Cooperstock should not be extended to the present case, since he is "not seeking any duplication of benefits or a double recovery."
The plaintiff in Bradley had already recovered benefits from the insured tortfeasor's liability insurer in an amount in excess of the uninsured motorist coverage available and was therefore not entitled to uninsured motorist benefits.
Furthermore, Banaszak argues that the law favors arbitration of claims, that the concept has validity and the public has a special interest in view of the present state of automobile negligence litigation. In support of his argument, Banaszak cites Arrieta v. Volkswagen Ins. Co., 343 So.2d 918 (Fla. 3d DCA 1977). Arrieta held that an injured plaintiff who has available $30,000 in uninsured motorist coverage may, by petition, without bringing an action against the tortfeasor who has available $10,000 liability coverage, compel arbitration under his own uninsured motorist coverage.
Allstate effectively distinguishes Arrieta on the basis that the uninsured motorist policy in that case was clearly applicable; the plaintiff in Arrieta was uninsured/underinsured as a matter of law (by statutory definition) because his uninsured motorist coverage exceeded the available liability insurance. In the present case, Banaszak claims uninsured motorist benefits in an amount less than the driver's liability insurance, and since Banaszak has not established his legal right to the uninsured motorist coverage, it is unclear whether the policy is applicable. Thus, "the true question being litigated is coverage," Cooperstock, 472 So.2d at 548, and we therefore reverse the order compelling arbitration on this point.
Allstate also argues that the trial court erred in referring any part of the case to arbitration after assuming jurisdiction on the action for declaratory relief since such action would encourage piecemeal determination of the parties' rights. However, this argument is without merit. See State Farm Fire & Cas. Co. v. Glass, 421 So.2d 759, 761 (Fla. 4th DCA 1982), which held in part that: "after the court has determined that the insured's uninsured motorist policy is applicable to the case at hand, the arbitrators then determine the liability of the carrier, i.e., how much, if anything, the carrier must pay for the insured's alleged damages."
REVERSED AND REMANDED.
WALDEN and GUNTHER, JJ., concur.