PER CURIAM.
Alan Douglas Liscio appeals an order denying his motion to compel arbitration. We reverse.
This case originated after Liscio filed a claim with his insurance company, Montgomery Ward, seeking uninsured motorist benefits for injuries sustained from a near collision with a phantom vehicle. After litigation was initiated and following a motion for summary judgment, the trial court ruled that the phantom vehicle was an uninsured motor vehicle by definition and that Liscio’s uninsured motorist coverage applied. The trial court, however, reserved ruling on the liability of the phantom vehicle and Liscio’s entitlement to damages. Liscio then moved to compel arbitration on these remaining issues in accordance with his insurance policy, which clearly provided for arbitration:
Determination whether an insured person is legally entitled to recover damages or the amount of damages shall be made by agreement between the insured person and us [Montgomery Ward]. If no agreement is reached, the decision will be made by arbitration.
Liscio argued that because the trial court previously determined that the phantom vehicle was covered under Liscio’s policy as an uninsured motorist, the liability of the phantom vehicle was a question for arbitration. Montgomery Ward disagreed and argued that whether Liscio was entitled to recover from the phantom vehicle was an issue of coverage for the court to determine. The trial court agreed with Montgomery Ward and denied Liscio’s motion based on Nationwide Insurance Co. v. Cooperstock, 472 So.2d 547 (Fla. 4th DCA 1985).
Liscio does not dispute that the trial court was empowered to make the initial determination regarding the existence of coverage. Liscio, however, correctly argues that after the trial court concluded that uninsured motorist coverage existed, the trial court should have compelled arbitration to determine whether the phantom vehicle was liable. E.g., id. at 548 (although trial courts decide coverage issues, arbitrators decide liability issues).
In denying Liscio’s motion to compel arbitration, the trial court misapplied Cooper-stock. In Cooperstock, a police car that was chasing a fleeing felon struck the insured. The insured claimed that he was entitled to uninsured motorist benefits because the fleeing felon was an uninsured motorist. Id. The police officer, however, was apparently insured, and this court stated, “if the fleeing felon and the police officer are joint tort-feasors, the insured has no right to seek uninsured motorist benefits.” Id. Cooperstock was premised on the principle that an insured’s uninsured motorist coverage is inapplicable where two joint tort-feasors (one tort-feasor with insurance and the other tort-feasor without insurance) cause damage to an insured. § 627.727(1), Fla.Stat. (1989). Thus, the question of the police officer’s negligence was an issue that needed to be resolved to determine whether the insured’s uninsured motorist coverage would apply.
In the case at bar, the issue is whether the phantom vehicle was liable where there is no claim of a joint tort-feasor with insurance coverage that would defeat Liscio’s claim for uninsured motorist coverage. Liscio relies on Ebens v. State Farm Mutual Automobile Insurance Co., 278 So.2d 674 (Fla. 3d DCA 1973), to support his contention that the trial court erred in failing to submit the liability issue to arbitration.
In Ebens, the insured sustained injuries as a result of an alleged hit-and-run accident. The insured sought to compel arbitration to determine the liability, if any, of the alleged hit-and-run motorist. Id. The trial court denied the insured’s motion to compel arbitration, holding that the issue of whether a hit-and-run motorist was involved was a question of fact that was not determinable in arbitration. Id. at 675. The Third District reversed the trial court and held that the issue of whether a hit- and-run motorist was involved was not a *78 question relating to coverage, but was an issue bearing on the right of the plaintiff to recover under his uninsured motorist coverage. Id. Following Ebens, the Third District in Protective Insurance Co. v. Palma, 507 So.2d 649 (Fla. 3d DCA 1987), stated: “[w]e again follow our repeated holdings that the simple non-coverage question of whether the negligence of a hit-and-run, so-called ‘phantom’ driver contributed to the accident of which a UM insured complains is a question for the arbitrators, not the court.”
In the instant case, the trial court previously resolved the coverage issue. The issue that remained was whether the phantom vehicle contributed to the accident. According to Ebens and Palma, that issue must be determined by arbitration and not by the trial court because an arbitration agreement exists. Thus, the trial court erred in not ordering arbitration on the liability of the phantom vehicle.
We note that the other cases upon which Montgomery Ward relies are distinguishable. Allstate Ins. Co. v. Banaszak, 561 So.2d 465 (Fla. 4th DCA 1990) (question of whether driver of vehicle, in which insured was a passenger, was also at fault); Bradley v. Government Employees Ins. Co., 460 So.2d 981 (Fla. 3d DCA 1984) (question of whether another insured tort-feasor was involved, thus precluding uninsured motorist coverage); State Farm Fire & Casualty Co. v. Glass, 421 So.2d 759 (Fla. 4th DCA 1982) (trial court dismissed insurer’s declaratory action and ordered arbitration without determining whether coverage existed).
For the above stated reasons, we conclude that the trial court reversibly erred in denying Liscio’s motion to compel arbitration. On remand, the trial court should enter an order granting Liscio’s motion for arbitration.
REVERSED AND REMANDED.
DELL, GUNTHER and FARMER, JJ., concur.