per curiam:
The insurer (State Farm) appeals from a non-final order, denying its motion to stay an appraisal. We reverse and remand with direction to grant the stay.
*579 Appellee/insured (Wingate) entered into an agreement with State Farm for a homeowners policy on or about February 5, 1991. On May 3, 1991, fire destroyed Win-gate’s residence. Subsequently, he submitted a claim for insurance proceeds to State Farm along with a proof of loss. As a result, State Farm evaluated his claim and the circumstances surrounding the loss. Following this evaluation, State Farm determined that the insurance policy was void for several reasons: Concealment and/or misrepresentation of the cause of the fire; circumstances surrounding the fire; and the value, ownership, existence and quantity of items the fire destroyed.
State Farm later informed Wingate that it was denying all payment because of the above circumstances and voided the insurance policy. Subsequently, Wingate made a request of State Farm for an appraisal which led State Farm to file an action for declaratory judgment that it was not obligated to submit to arbitration under the appraisal provision and to preclude the appraisal panel from determining any issue of policy coverage. It moved to stay appraisal until the trial court could determine the issue of coverage. The trial court denied State Farm’s motion to stay appraisal, leading to this appeal.
Appellant contends the first issue is one of coverage, its having voided the policy. Appellee argues the issue is liability. It is a jurisprudential scenario not unlike that in Nationwide Insurance Co. v. Cooperstock, 472 So.2d 547, 548 (Fla. 4th DCA 1985), and we conclude the initial issue here is one of coverage, not liability. As the court said in Nationwide, such issue is for the court to decide. See also Allstate Insurance Co. v. Banaszak, 561 So.2d 465, 466 (Fla. 4th DCA 1990), and State Farm Fire & Casualty Co. v. Glass, 421 So.2d 759, 761 (Fla. 4th DCA 1982).
GLICKSTEIN, C.J., and GUNTHER and POLEN, JJ., concur.