HARRIS, Chief Justice,
dissenting.
I respectfully dissent.
*624 Through counsel, Marey H. Smith attempted to assert as a counterclaim an unrelated cause of action against Whispering Pine Village, Inc., a non-party to the original action brought against her by Springs Community Association, Inc.[1] The trial court dismissed her counterclaim, and in doing so explained to her that the counterclaim was an inappropriate vehicle to assert her action against non-party Whispering Pine.
Smith then filed a motion for rehearing and an amended counterclaim which appeared to be no different than her original attempt. The court denied her motion for rehearing and dismissed the amended counterclaim without prejudice for her to properly join Whispering Pine “if possible.” Smith then filed a motion for leave to file a permissive counterclaim and add a party defendant. The court denied her motion and assessed attorney’s fees against her pursuant to section 57.105, Florida Statutes.
“The purpose of 57.105 is to discourage baseless claims, stonewall defenses, and sham appeals in civil litigation by placing a price tag through attorney’s fees awards on losing parties who engage in those activities.” Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501, 505 (Fla.1982), receded from in ;part on other grounds, Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
The trial court punished Smith because she erroneously believed (and was persistent in that belief) that she could assert her claim against a non-party via a counterclaim by merely bringing that non-party into the action. She still insists that this is the proper interpretation of Rule 1.170(h), Florida Rules of Civil Procedure.
While I agree that Smith was in error in her efforts below and that her continued efforts may have been vexatious to Whispering Pine, there is no finding that her cause of action against Whispering Pine, if brought in an appropriate manner, is without merit or baseless. I do not believe that her procedural error, made in the utmost good faith, is the type of evil the legislature intended to address in adopting section 57.105. See Harris v. Haught, 435 So.2d 926 (Fla. 1st DCA 1983). It is bad motive, not bad practice, that section 57.105 is designed to punish. I would reverse the attorney’s fee award.

. It should be noted that although these are separate entities, Smith alleged that they were “affiliated” corporations having a common manager, utilizing the same personnel, occupying the same office space and managing the same property. This appears to be an allegation that, in effect, the corporations are one and the same. If, in fact, the corporations were "one,” her counterclaim theory would not be unreasonable.