676 So.2d 489 (1996)
Juana ATENCIO, Appellant,
v.
U.S. SECURITY INSURANCE COMPANY, Appellee.
No. 95-3059.
District Court of Appeal of Florida, Third District.
June 26, 1996.
Alvarez & Alvarez-Zane and Amado Alan Alvarez, Miami, for appellant.
Kubicki Draper and David B. Pakula; Mike Nuzzo, Miami, for appellee.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Steven E. Stark, Miami, for *490 Florida Defense Lawyers Association as amicus curiae.
Blanchard, Merriam, Adel & Kirkland, Ocala, for Academy of Florida Trial Lawyers as amicus curiae.
Before SCHWARTZ, C.J., and BARKDULL and GREEN, JJ.
SCHWARTZ, Chief Judge.
Pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v), the insured under the collision coverage of an automobile insurance policy appeals from an order granting the carrier's motion to compel appraisal pursuant to a clause which provided that:
If we and you do not agree on the amount of the loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. [e.s.]
We reverse.
The only issue in this asserted class action for damages and declaratory relief concerned the monumental coverage question of whether, on undisputed facts, the company was required to pay for "loss of use" of the damaged vehicle for up to $200.00 or only for $10.00 per day "rental reimbursement" for the seven days the insured had rented another car. Since there thus was no question of the "amount of loss" and thus nothing which was even subject to appraisal, the order requiring it was incorrect.
It is well established that, as a general rule, arbitration and appraisal may be required only as to those disputes concerning which the parties have expressly agreed. Roe v. Amica Mut. Ins. Co., 533 So.2d 279 (Fla.1988); Ocala Breeders' Sales Co. v. Brunetti, 567 So.2d 490 (Fla. 3d DCA 1990), review dismissed, 576 So.2d 285 (Fla. 1990); Allstate Ins. Co. v. Banaszak, 561 So.2d 465 (Fla. 4th DCA 1990); Pacemaker Corp. v. Euster, 357 So.2d 208 (Fla. 3d DCA 1978). Moreover, questions of policy interpretation and coverage are ordinarily for the court, rather than arbitrators or appraisers, to decide. See Roe, 533 So.2d 279; Meade v. Lumbermens Mut. Casualty Co., 423 So.2d 908 (Fla.1982); State Farm Fire & Casualty Co. v. Wingate, 604 So.2d 578 (Fla. 4th DCA 1992); Bruno v. Travelers Ins. Co., 386 So.2d 251 (Fla. 3d DCA 1980).
Applying these rules, the order under review is reversed and the cause remanded for further consistent proceedings including determination of the validity of the asserted class action, the maintainability of the claim for declaratory relief, and the jurisdiction of the circuit court.[1]
Reversed and remanded with directions.
NOTES
[1] Because the basis of this decision has made it unnecessary to reach the contentious question of whether this court should adhere to American Reliance Insurance Company v. Village Homes At Country Walk, 632 So.2d 106 (Fla. 3d DCA 1994), review denied, 640 So.2d 1106 (Fla.1994), the order for en banc consideration of this case, which had been granted to consider that issue, is discharged.