KANNER, Judge.
In the appealed case of Rank v. Sullivan, Fla.App., 132 So.2d 32, the final decree reserved the assessing of court costs and certain accounting expenses to be determined later. Pursuant to this provision, the matter was subsequently heard by the chancellor and assessment of one half of both the court costs and the cost of auditing and accounting was rendered against Robert F. Sullivan. Through appeal, he protests this decision. The major portion of the costs is the allowance for auditors’ compefl- *38 sation. The larger part of the testimony, over 200 pages,, concerned an accounting; and from this accounting substantial errors were revealed and corrections made accordingly. These errors were discovered through the services of appellees’ auditors.
In equity, costs should be granted and assessed as the justice of the case demands, and this determination is within the sound judicial discretion of the chancellor. In the absence of a clear showing of abuse of discretion, the chancellor’s ruling will not be disturbed by an appellate court. National Rating Bureau v. Florida Power Corp., Fla., 1956, 94 So.2d 809, 64 A.L.R.2d 859; Dillman v. Dillman, Fla.App., 1958, 105 So.2d 33; 8 Fla.Jur., Costs, sections 8-10, p. 9-11. We do not find that such an abuse has been shown. It appears instead that the chancellor made his apportionment of costs because of the particular circumstances involved.
Affirmed.
ALLEN, C. J., and SANDLER, HARRY N., Associate Judge, concur.