162 So.2d 690 (1964)
Norman A.F. CRUGER, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 63-543.
District Court of Appeal of Florida. Third District.
April 14, 1964.
*692 Sinclair & Barfield and Richard L. Zapf, Miami, for appellant.
Dean, Adams & Fischer and Robert M. Sturrup, Miami, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
BARKDULL, Chief Judge.
The appellee insurance company issued a policy of insurance to the appellant, as its insured, which contained the following provisions:
* * * * * *
"`uninsured automobile' means an automobile:
"1. With respect to the ownership, maintenance or use of which there is no bodily injury liability insurance applicable at the time of accident; * * *
* * * * * *
"1. With respect to Section II.
"a. the term `uninsured automobile', as defined, shall include (1) an automobile with respect to the ownership, maintenance or use of which bodily injury liability insurance is afforded, but the insurer thereof is unable to make payment with respect to the liability of its insured within the limits specified therein because such insurer besomes insolvent within one year after the accident, provided that bodily injury benefit coverage S of this policy is in effect at the time of such accident, and (2) a `hit-and-run automobile'.
"b. additional definitions are: `hit-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, * * *
* * * * * *
"The determination as to whether the insured shall be legally entitled to recover damages, and if so entitled the amount thereof, shall be made by agreement between the insured and Allstate.
"In the event of disagreement and upon written demand of the insured, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof. The insured and Allstate each agrees to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this Section II."
* * * * * *
*693 Subsequent to the issuance of the policy and at a time when the policy was in full force and effect, the insured [while driving his vehicle] veered off the left side of a highway and struck a utility pole, causing damage to himself and his automobile. The accident was investigated by the law enforcement officials, and the insured reported that same was caused by another driver who left the scene as the accident was occurring. In other words, that the cause of the accident was a "hit-and-run driver". Appropriate claim was made upon the insurance company by the insured, payment of which was refused. Thereafter, the insured instituted arbitration proceedings, pursuant to the provisions of the insurance policy.
Upon being served with papers requiring arbitration, the insurance company [as plaintiff in the circuit court] instituted a declaratory decree action to determine whether or not it was in fact liable under the policy to its insured, contending that there was no contact with the hit-and-run car and, therefore, no coverage under the policy and, if no coverage, there could be no liability to its insured. The appellant, as the defendant in the declaratory decree action and the insured under the policy, sought to require the insurance company to arbitrate. Upon final hearing, the chancellor entered a final decree finding that there was no physical contact between the insured's automobile and the hit-and-run driver and, therefore, no coverage under the policy provisions set forth in the opening paragraphs of this opinion.
The appellant contends the question of whether or not there was physical contact between the cars related to liability, and the appropriate forum to a determination of this cause was the Board of Arbitration and not the Circuit Court. The appellee replies first, that this point was not raised in the trial court and, second, that the relief sought before the chancellor was a determination of coverage and not liability under the terms of the policy and, therefore, was appropriately a judicial proceedings. See: Murtaugh v. American States Insurance Company, Ohio App., 1963, 187 N.E.2d 518; Rosenbaum v. American Surety Co. of N.Y., 11 N.Y.2d 310, 229 N.Y.S.2d 375, 183 N.E.2d 667; Application of Nationwide Mutual Insurance Co., 39 Misc.2d 782, 241 N.Y.S.2d 589. By the very terms of the policy, the only right to an arbitration arose in the event of an injury to the insured by an "uninsured motorist". Also, by the terms of the policy, a "hit-and-run driver" [under certain circumstances which are admitted to be true in the instant case] may be considered an uninsured motorist.
A material point in issue was whether or not there was contact between the automobile driven by the insured and the alleged hit-and-run automobile. If no contact; no hit-and-run automobile. If no uninsured motorist; no right to arbitration and, likewise, no responsibility on the company to compensate its insured for injuries sustained and, therefore, no coverage.
It seems apparent that the true question being litigated was the question of coverage, notwithstanding the fact that in this instance the legal question as to coverage turned on an issue of fact, to wit: contact between the two cars. Notwithstanding the objection of the appellee that this point was not properly preserved in the trial court, an examination of the record indicates that the insured constantly contended that the appropriate forum to determine the issue was in the Board of Arbitration. Therefore, it was called to the attention of the chancellor. We conclude that he was correct in entertaining the proceedings and determining the issue of fact upon which the question of coverage turned.
The findings of fact of a chancellor arrive in this court with a presumption of correctness. See: Davis v. Levin, Fla.App. 1962, 138 So.2d 351; Frell v. Frell, Fla.App. 1963, 154 So.2d 706. It is incumbent upon the appellant to demonstrate a complete lack of competent, sufficient evidence to support the findings of fact in *694 order to obtain a reversal of a chancellor's decree. See: Pearce v. Pearce, Fla.App. 1957, 97 So.2d 329; Curtis Pools, Inc. v. Fulton, Fla.App. 1959, 115 So.2d 442. An examination of the record on appeal in this cause reveals substantial, competent evidence to support the findings of fact of the chancellor and, therefore, his final decree should be affirmed. See: Pergament v. Pergament, Fla.App. 1959, 117 So.2d 26; Stoller v. Jaffe, Fla.App. 1960, 125 So.2d 310.
Originally, agreements to arbitrate disputes arising in the future were not enforced by the courts as being agreements tending to oust the courts' jurisdiction. See: Duval County v. Charleston Engineering & Contracting Co., 101 Fla. 341, 134 So. 509; Fenster v. Makovsky, Fla. 1953, 67 So.2d 427; Flaherty v. Metal Products Corporation, Fla. 1955, 83 So.2d 9. An exception to this general prohibition has been attempted in this State by the adoption of § 57.11, Fla. Stat., F.S.A., which permits an agreement to arbitrate future disputes between an insurance company and its insured relative to injury and damage occasioned by an uninsured motorist.[1] It seems apparent that once either party to an insurance contract is successful in pleading a complaint for declaratory relief in the Circuit Court under the provisions of Ch. 87, Fla. Stat., F.S.A., [which is a court of general jurisdiction pursuant to Art. V, § 6, Florida Constitution F.S.A.] that said court is then fully empowered and should completely adjudicate all the rights of the parties relating to coverage, liability, damages, etc., in order that the rights of the parties not be determined in a piecemeal fashion.
Costs were assessed against the defendant, and he has assigned this point as error. Generally, the taxation of costs in a chancery matter is within the sound discretion of the chancellor. Although at first blush they may seem unjust, the findings of fact and conclusions of the chancellor were that the insured had no claim against the company. It was the insured's actions in precipitating the claim that caused the filing of the instant action in the trial court and, with this background, no abuse of discretion has been demonstrated in the decision of costs by the chancellor, and his award will not be disturbed. See: National Rating Bureau v. Florida Power Corp., Fla. 1956, 94 So.2d 809, 64 A.L.R.2d 859; Sullivan v. Rank, Fla.App. 1961, 132 So.2d 37.
Therefore, for the reasons above stated, the appeal here under review is affirmed.
Affirmed.
NOTES
[1] As of the rendition of this opinion, the constitutionality of this section of the Statute has not been determined and, it not being necessary to determine its validity for this opinion, same is not to be considered as passing on its validity at this time. See: Jones v. City of Sarasota, Fla. 1956, 89 So.2d 346; North American Company v. Green, Fla. 1959, 120 So.2d 603; 6 Fla.Jur., Constitutional Law, § 49.