## ELLISON, et al v. HALPERT.
No. 64-C-5889.

Circuit Court, Dade County.
July 13, 1964.

Arnold Nevins of Irving Cypen Law Offices, Miami Beach, for plaintiffs.

Arthur J. Kline of Klein, Moore & Kline, Miami Beach, for defendant.

HAL P. DEKLE, Circuit Judge.

This cause came on for hearing upon the defendant's application to compel arbitration made under section 57.12 of the Florida Statutes. The court heard argument of counsel for the respective parties. The thrust of the complaint for declaratory judgment is that the court declare and adjudicate that certain provisions of a stockholders' agreement are in contravention to the statutes of this state and are, therefore, illegal and unenforceable. The court is called upon to determine the legality vel non of the written stockholders' agreement.

It is almost universally recognized that a claim arising out of an illegal transaction or contract is not a legitimate subject for arbitration. In other words, the arbitration statute presupposes the existence of a valid and enforceable contract at the time the remedy is sought. In re Gale, 176 Misc. 277, 27 N.Y.S. 2d 18 (1941); 5 Am. Jur. 2d, Arbitration and Award, §54; 6 C.J.S., Arbitration and Award, §12; Cruger v. Allstate Insurance Company (Fla. App. 3d, 1964), 162 So.2d 690.

It is thereupon ordered and adjudged that defendant's application to compel arbitration be, and the same is hereby denied.