ANDREWS, Judge.
The defendant, Charles Herminghaus, appeals a final decree requiring him to execute a satisfaction of a certain mortgage and requiring the plaintiffs, Crofton, Brewer & Holland, to account for amounts received by them on account of said mortgage and to pay sums found to be due into the registry of the court.
Charles Herminghaus, individually and as executor of his mother’s estate, granted an option to Edwin H. Willis to purchase certain property in Brevard County at a price of $150,000 including interest on deferred payments, payable $18,000 cash on closing with the balance payable at the rate of $1,-000 per month until paid. A contract incorporating the terms of the option was executed on May 3, 1960. This contract recited that the total sales price was $150,000. It contained the recitation that the selling price includes six per cent interest for the period of twelve years on the basic sales price of $109,000, that the cash payment was $18,000 and that the purchase money mortgage would be $91,000 to bear interest at the rate of six per cent. Payments on the mortgage were recited as originally agreed at the rate of $1,000 a month which would include interest. However, at the request of the seller the mortgage payments would be $500 a month including interest but that the buyer would pay no more by way of interest than six per cent on $91,000 for the period of twelve years. The agreement provided that there would be no personal liability for the payment of the note and the property was to be the only security for the mortgage. The attorney for Herminghaus and his mother’s estate objected to the contract and threatened to have him declared incompetent. Thereupon, he discharged the attorney and retained L. C. Crofton of the firm of Crofton, Brewer & Holland.
After negotiation by the parties- and with the consent of the purchaser the contract of May 3, 1960 was cancelled and destroyed.
On May 16, 1960, a new contract between the same parties was executed reciting an agreed price of $109,000, payable $18,000' cash on closing and the balance of $91,000' payable $1,000 per month to be applied first to interest and then to principal on the unpaid balance until paid. The transaction was closed by the execution and delivery of a deed, purchase money mortgage and note on August 16, 1960.
Cash paid at closing was $18,000. The purchaser gave the seller a promissory note in the principal sum of $91,000 payable $1,000 per month reciting that each monthly installment includes interest at the rate of six per cent annum payable monthly on the sums remaining from time to time unpaid, said payments to continue until the aggregate on account of principal shall be equal to $91,000 with the option of the maker to *349 pay off at any time the entire sum remaining unpaid with interest to the date of payment only. There was a provision for no personal liability and the property was the only security.
The purchaser prepaid the purchase money note and mortgage. Mr. Herming-haus refused to execute a satisfaction contending that there was a substantial change in the purchase price which evidences fraud, overreaching, or undue influence perpetrated upon him. A review of the terms of the option and the two contracts reveals that the only difference in the agreed purchase price recited in those documents and the manner of actual closing is a difference in expression as to whether interest is added to the principal amount or whether there is a reduced principal amount plus interest. In either event a mathematical computation shows that the total to be received by Mr. Herminghaus is approximately the same if there was no prepayment. There was substantial competent evidence to establish that the reason for closing the transaction with the prepayment provision was the understanding that the purchaser would make prepayments in order to provide funds for payment of estate taxes. The evidence in effect established that the defendant was mentally weak and a spendthrift but not incompetent. The trial court heard all of the testimony, observed the witnesses, made extensive and detailed findings of fact and conclusions of law and entered a final decree in favor of the attorneys and the purchaser and against Charles Herminghaus.
 It is well established that a deed of a person alleged to be incompetent is voidable but is not void ab initio. Hassey v. Williams, 1937, 127 Fla. 734, 174 So. 9 at page 11. A careful consideration of the record and briefs on appeal establishes that there is adequate, substantial and competent evidence to support the finding of the trial court that there was neither fraud nor overreaching nor undue influence perpetrated upon the defendant by the plaintiffs or anyone.
The precautions taken for the preservation of the proceeds of the sale for the best interest of the defendant. Under such circumstances an appellate court is not authorized to substitute its judgment for that of the trial court. Cruger v. Allstate Insurance Co., Fla.App.1964, 162 So.2d 690 at page 693. All other issues raised on appeal have been considered and found to be without merit and a discussion thereof unnecessary.
Affirmed.
SMITH, C. J., and MELVIN, WOODROW M., Associate Judge, concur.