358 So.2d 88 (1978)
The TRAVELERS INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Columbus LEE and Bessie Lee, His Wife, Appellees.
No. 77-1705.
District Court of Appeal of Florida, Third District.
April 25, 1978.
Alfred D. Bieley, Miami, for appellant.
Wolfson, Appel & Maram and Anthony J. Brown, Miami, for appellees.
Before KEHOE, J., and BOYD, JOSEPH A., Jr., and CHARLES CARROLL (Ret.), Associate Judges.
KEHOE, Judge.
Appellant, plaintiff below, brings this interlocutory appeal from orders of the trial court dated July 19 and 22, 1977, denying its motion to enjoin arbitration proceedings. For the reasons set forth below, we reverse.
*89 Appellee Columbus Lee purchased an automobile insurance policy from appellant. Subsequently appellee Columbus Lee, while operating an automobile insured under the policy, was involved in an automobile accident with Jimmy L. Franklin. As a result of the accident, appellee Columbus Lee sustained personal injuries and collected personal injury protection benefits from appellant. Thereafter, appellee Columbus Lee, along with his wife, alleged that Jimmy L. Franklin and his wife, Shirley Franklin, the owner of the vehicle involved, were uninsured and invoked the uninsured motorists provision of the policy with appellant. Subsequently, pursuant to the policy provisions, appellant states that it sought to obtain appellees' sworn statements and other information in regard to their claim. Apparently, these attempts were met with considerable resistance. During this time, an arbitration panel was selected; thereafter, on May 11, 1977, the panel conducted a hearing. At this hearing, appellant's request for a continuance was refused. Appellant then participated in the hearing which was not concluded, but continued to August 11, 1977. After the hearing appellant filed a complaint for declaratory relief seeking, among other things, to ascertain the question of whether appellees were covered under the policy for their claim for uninsured motorists benefits. Appellant also filed a motion to enjoin the arbitration proceedings set for August 11, 1977. From the trial court's orders denying this motion, appellant brings this interlocutory appeal.
Appellant's basic point on appeal is that the trial court erred by denying its motion to enjoin the arbitration proceedings because coverage was an issue in the matter and this question was a judicial matter which should be determined by the courts.
In Aetna Cas. & Sur. Co. v. Goldman, 346 So.2d 111, 112 (Fla.3d DCA 1977), we stated as follows:
"This court [3d DCA], in Cruger v. Allstate Insurance Company, 162 So.2d 690 (Fla.3rd D.C.A. 1964), clearly outlined that in this State (notwithstanding any provisions pertaining to arbitration in an insurance contract) the question of coverage was a judicial matter to be determined in the courts. This case has been followed in Zeagler v. Commercial Union Insurance Company of New York, 166 So.2d 616 (Fla.3rd D.C.A. 1964); Jones v. New Amsterdam Casualty Company, 213 So.2d 502 (Fla.3rd D.C.A. 1968); Perez v. State Automobile Insurance Association, 270 So.2d 377 (Fla.3rd D.C.A. 1972); and Government Employees Insurance Company v. Mirth, 333 So.2d 545 (Fla.3rd D.C.A. 1976)."
Although appellant's complaint for declaratory relief sought a resolution of matters in addition to the question of coverage, we believe that the complaint created a bona fide issue over the question of coverage under the policy. Based on the authorities set forth above, a question of coverage is a proper one for declaratory relief and should be made by the courts. See also Tavares v. Allstate Ins. Co., 342 So.2d 551 (Fla.3d DCA 1977). Therefore, in the instant case, the trial court should have granted appellant's motion to enjoin the arbitration proceedings. See generally Section 682.03(4), Florida Statutes (1975). Further, under the circumstances of this case, although appellant participated in the arbitration process through one hearing which was continued, we do not find that this amounted to any waiver or foreclosure of its right to bring an action for declaratory relief to determine the question of coverage under the policy. In the light of this determination, it is unnecessary for us to consider the other aspects of appellant's contentions on appeal. Accordingly, the orders appealed are reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.