358 So.2d 851 (1978)
Raymond PRIETO, Jr., Appellant,
v.
CONTINENTAL INSURANCE COMPANY, Appellee.
No. 77-913.
District Court of Appeal of Florida, Third District.
May 9, 1978.
Rehearing Denied June 2, 1978.
*852 Richard Kanner, Greene & Cooper, Miami, for appellant.
Thornton, Conroy & Herndon, Miami, for appellee.
Haddad & Josephs, Miami, on behalf of plaintiffs Committee.
Before HUBBART and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from an order dated March 30, 1977, entered by the trial court granting summary final judgment in favor of appellee, defendant below. For the reasons set forth below, the order is affirmed.
On July 24, 1975, appellant filed a complaint for a declaratory decree seeking a determination by the trial court that appellee was obligated to defend him, under a policy of insurance issued to appellant by appellee, against multiple claims for injuries and damages arising out of the collapse of the Drug Enforcement Building in Miami, Florida, in August of 1974. Appellee filed an answer raising, among other things, the defense that it was not obligated to defend appellant because of the completed operations exclusion provision of the policy. Subsequently, appellant filed a motion for summary judgment, and appellee filed a cross-motion for summary judgment. During these proceedings, a Plaintiff's Committee, representing numerous plaintiffs seeking recovery against appellant, was allowed to intervene in the cause. The Plaintiff's Committee, with our leave, also intervened in this appeal. After a hearing on appellant's and appellee's motions for summary *853 judgment, the trial court on March 30, 1977, entered an order granting summary final judgment in favor of appellee. From that order, this appeal was taken.
The relevant portions of the trial court's order reads as follows:
"THIS CAUSE having come on to be heard before me upon the Motion of the Defendant, CONTINENTAL INSURANCE COMPANY for Summary Judgment and the Court, having heard the argument of counsel, having read the Memoranda of Law submitted, having reviewed the record, exhibits, and the complaint filed herein, and being otherwise advised in the premises herein, it is,
"ORDERED AND ADJUDGED that the Defendant, CONTINENTAL INSURANCE COMPANY's Motion for Summary Judgment be, and the same is hereby granted and Summary Final Judgment be, and the same is hereby entered in favor of CONTINENTAL INSURANCE COMPANY who shall go hence without day but to have and receive its lawful costs to be hereinafter taxed upon proper Motion and affidavit and against the Plaintiff, RAYMOND PRIETO, JR. who shall take nothing by his suit herein. This Court's ruling is based upon the ground that there is no genuine issue as to any material fact and the Movant, CONTINENTAL INSURANCE COMPANY is entitled to Summary Final Judgment as a matter of law. Additionally, the Court holds as follows:
"1. There is no genuine issue with respect to the fact that the negligence acts, occurrences, and omissions, if any, of RAYMOND PRIETO, JR. constituted a `completed operation' as that term is defined by the policy of insurance issued by CONTINENTAL INSURANCE COMPANY TO RAYMOND PRIETO, JR.
"2. The completed operations exclusion of the policy of insurance issued by CONTINENTAL INSURANCE COMPANY to RAYMOND PRIETO, JR., is unambiguous, clear and enforceable; and, as such, is distinguishable in its language and syntax from the policies involved in the cases cited to this Court in opposition to the Motion.
"3. As a consequence, the policy of insurance issued by CONTINENTAL INSURANCE COMPANY to RAYMOND PRIETO, JR. provided no liability insurance coverage for RAYMOND PRIETO, JR. and/or RPS CORPORATION, for any and all claims against RAYMOND PRIETO, JR. and/or RPS CORPORATION arising out of the `building collapse cases' which are the subject matter of the instant litigation."
Appellant concedes that there are no factual issues in dispute. However, he contends that the trial court erred in granting summary judgment in favor of appellee because the policy exclusion for completed operations was not applicable and, therefore, appellee had a duty to defend him under the contract.
The Plaintiff's Committee contends, basically, that the trial court erred in entering the summary final judgment as follows: (1) by finding that the policy provided no coverage when the issue was not raised by any of the pleadings in the case; (2) by finding that appellee had no duty to defend any of the allegations made against appellant; and (3) by determining that the policy did not provide coverage to appellant.
The Plaintiff's Committee's first point on appeal is without merit. The Plaintiff's Committee argues that, because appellant's complaint sought only declaratory relief in regard to the question of appellee's duty to defend, the trial court improperly found that there was no coverage under the policy and, therefore, no duty to defend. The record reflects that the Plaintiff's Committee was an intervenor in the action below at the time of the hearing on appellant's and appellee's motions for summary judgment. The record also shows that there was no misunderstanding or mistake among the parties in regard to the issues raised and those litigated by these motions at the hearing. In our opinion, the issue of the duty to defend was so inextricably interwoven with the question of coverage under the policy that the determination *854 of one necessarily required the determination of the other. Further, we feel that both of these questions were properly raised by the pleadings, etc., before the trial court at the time it ruled on the motions for summary judgment. This opinion is enhanced by our reading of Section 86.011, Florida Statutes (1975), pertaining to the trial court's jurisdiction to determine the rights, status, and legal relations between the parties in a declaratory judgment action such as this one. See Cruger v. Allstate Insurance Company, 162 So.2d 690 (Fla. 3d DCA 1964).
We also hold that the Plaintiff's Committee's third point on appeal, along with appellant's point on appeal, is without merit. Appellant and the Plaintiff's Committee argue that the completed operations exclusion provision of the policy was ambiguous, inapplicable, and unenforceable. In support of this proposition, they rely heavily upon Nixon v. United States Fidelity and Guaranty Company, 290 So.2d 26 (Fla. 1973), for support.[1] However, we agree with the trial court's finding, set forth above, that the ambiguous language of the policy exclusions found unenforceable in those cases is not present in the instant case. In the recent case of Sandpiper Construction Company, Inc., v. United States Fidelity and Guaranty Company, 348 So.2d 379 (Fla. 2d DCA 1977), our sister court had before it a similar issue involving nearly the identical policy language providing an exclusion for completed operations. In reaching a decision in Sandpiper, the Second District Court of Appeal, at 380-81, held that such language was not ambiguous and unenforceable. We agree with the decision in Sandpiper, and hold that, in the instant case, the contentious language of the policy provision providing an exclusion for completed operations is not ambiguous and unenforceable. Based on the language used, appellant should have reasonably known that he was not buying coverage for his completed operations when he purchased the policy. See Security Insurance Company of Hartford v. Kaye Milling Supply, Inc., 297 Minn. 348, 211 N.W.2d 519 (1973).
Accordingly, the trial court was correct in finding that the completed operations exclusion provision of the policy was applicable and that, because there was no coverage under the policy, appellee was under no duty to defend appellant. Furthermore, because there existed no genuine issues of any material fact and appellee was entitled to a judgment as a matter of law, the trial court did not err in granting summary final judgment in favor of appellee.
Appellant's second point on appeal is also without merit. Because of the completed operations exclusion provision in the policy between appellant and appellee, there was no duty on the part of appellee to defend against any of the allegations in the various complaints.
Affirmed.
NOTES
[1] Also, cited in support of this proposition are Aetna Insurance Company v. Stevens, 229 So.2d 601 (Fla. 2d DCA 1969); Miller Electric Company of Florida v. Employers' Liability Assurance Corporation, 171 So.2d 40 (Fla. 1st DCA 1965); and New Amsterdam Casualty Company v. Addison, 169 So.2d 877 (Fla. 2d DCA 1964).