PER CURIAM.
Travelers Insurance Company appeals a summary final judgment entered in an ac *388 tion for declaratory relief. The judgment first determined that Columbus and Bessie Lee were entitled to uninsured motorist coverage, and second, confirmed an arbitration award. The trial court later entered an amended summary final judgment reserving jurisdiction for a determination of fees and costs. Travelers now appeals both these orders in the second appearance of this matter before this court. Travelers Insurance Co. v. Lee, 358 So.2d 88 (Fla. 3d DCA 1978).
In the first appearance of this matter before this court, Travelers challenged an order denying its motion to enjoin arbitration of an uninsured motorist claim by Columbus and Bessie Lee against Travelers. After denying Travelers’ motion for a temporary stay, this court ultimately ruled that the “trial court should have granted appellant’s motion to enjoin the arbitration proceedings” because Travelers had asserted a coverage question in a complaint for declaratory relief. Travelers Insurance Co. v. Lee, 358 So.2d 88, 89 (Fla. 3d DCA 1978). Unfortunately, this court’s decision in that prior appeal was rendered two weeks after the arbitration panel made its award.[1]
Arguing that the award could not be given effect because the arbitration should have been stayed, and claiming that to do otherwise would deny Travelers its day in court, Travelers moved the trial court to vacate the award. Faced with the problem of an award decided by an arbitration proceeding that should have been stayed, the trial court denied the motion to vacate the award, but gave Travelers an opportunity to appeal the decision to this court. That appeal, taken from the denial of a motion to vacate, was dismissed for lack of jurisdiction. Travelers Insurance Co. v. Lee, Case No. 78-1887, appeal dismissed November 9, 1978.
The matter continued in the trial court which then entered a summary final judgment in the declaratory action in favor of the insureds, Columbus and Bessie Lee. In the judgment, the trial court first determined that the other parties involved in the automobile accident were uninsured motorists and that the Lees were entitled to coverage under the Travelers policy. The trial court then confirmed the arbitration award of the policy limits of $30,000 in favor of Columbus Lee. Travelers appeals from this judgment and the judgment as amended to reflect the reservation of jurisdiction for an award of fees and costs.
This court, through inadvertence, created an anomaly when we failed to grant the motion for temporary stay thereby allowing arbitration to proceed; yet we ultimately held that arbitration should have been stayed. To effectuate this court’s earlier decision in Travelers Insurance Co. v. Lee, supra, we reverse that portion of the summary final judgment confirming the arbitration award.[2]
There is no merit in other issues presented. The judgments appealed are, therefore, reversed in part and affirmed in part, and the cause is hereby remanded for further proceedings in accordance with this opinion.

. On April 11, 1978, the arbitrators entered an award directing Travelers to pay $30,000 to Columbus Lee and $1,500 to his wife, Bessie. Upon an objection filed by Travelers’ counsel stressing, among other things, that the policy limits were only $30,000, the arbitrators entered a corrected award on May 30, 1978. The corrected version awarded $28,000 to Columbus Lee and $1,500 to his wife. A second corrected award was entered on July 20, 1978. This award reflected that the plaintiffs had dropped the derivative claim of the wife and requested that the full policy limits be given to Columbus Lee.

. Accord Lumbermen’s Mutual Casualty Co. v. Beaver, 355 So.2d 441 (Fla. 4th DCA 1978) deciding that the trial court erred in returning the questions of liability and damages to the arbitrators after having determined the coverage issue. See also Cruger v. Allstate Insurance Co., 162 So.2d 690 (Fla. 3d DCA 1964) and § 682.03(4), Fla.Stat. (1975). But see Midwest Mutual Insurance Co. v. Santiesteban, 287 So.2d 665 (Fla. 1973), holding that arbitrators can in no way affect disputed coverage.