Selma BOYD, Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER
& SMITH and James B. Davis,
Defendants.

No. 84–6735–CIV–GONZALEZ.

United States District Court,
S.D. Florida, N.D.

June 18, 1985.

Russell L. Forkey, Ft. Lauderdale, Fla., for plaintiff.

Patricia E. Cowart, Miami, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the defendants' motion to dismiss or, in the alternative, to compel arbitration. Plaintiff's three count complaint charges defendants with churning, fraud in the sale of securities and breach of their fiduciary duties. Plaintiff filed her original complaint on September 6, 1984 and subsequently amended that complaint on January 17, 1985.

Defendants' motion to dismiss principally argues that plaintiff's case is time-barred by the one or three year statute of limitations contained in section 13 of the Securities Act of 1933, 15 U.S.C. § 77m, and the two year limitations period contained in section 95.11(4)(e) of the Florida Investor Protection Act.

Section 13 of the Securities Act provides that an action brought under section 12(2) of the Act must be filed within one year after the discovery of the alleged fraud allegedly perpetrated on plaintiff, or within one year after said fraud should have been discovered by plaintiff through the exercise of due diligence. Under no circumstances, however, may a plaintiff raise a claim under section 12(2) if the subject sale oc-curred more than three years before initiation of the action.

■ Looking initially to the broadest construction of section 13, it is clear that any transaction of which plaintiff complains which occurred before September 6, 1981, is time barred. Indeed, plaintiff concedes as much in her Memorandum in Opposition to Defendants' Motion to Dismiss at page 2 (filed Apr. 8, 1985). Accordingly, the first thirteen transactions listed in plaintiff's exhibit 4 appended to her amended complaint are hereby stricken.

■ The next level of inquiry is whether plaintiff alleges fraudulent activity which manifested itself in transactions occurring within the limitations period. A review of plaintiff's complaint confirms that defendants arguably engaged in false or misleading statements or omissions thereby inducing plaintiff into executing multiple transactions within the time permitted by section 13. *See* Amended Complaint ¶¶ 9, 10, 12, 13 & 22. Admittedly, some of those misrepresentations occurred beyond the three year period, but they manifested themselves in transactions which occurred within that time.

As to those misstatements and subsequent transactions which occurred more than one year and less than three years before plaintiff filed this action, the question now is whether plaintiff alleges sufficient facts to show that defendants fraudulently concealed their wrongdoing and that plaintiff did not discover their activities though exercising due diligence. After reviewing count 1, the court is convinced—if only barely—that plaintiff has satisfied the due diligence (or "reasonable diligence") requirements of section 12(2). The amended complaint states that plaintiff, as an unsophisticated investor, relied on defendants' misrepresentations and did not discover the alleged fraudulent activity until she went to defendants' office to withdraw a sum of money in April 1984. The court is mindful of plaintiff's position that due diligence should be measured on a sliding scale, taking into account the sophistication of the investor and the complexity of the

transactions, *see, e.g., Sperry v. Barggren,* 523 F.2d 708, 711 (7th Cir.1975); *Amen v. Black,* 234 F.2d 12, 25–26 (10th Cir.1956), and is inclined to follow that rule in, this case. Accordingly, based on the facts alleged in the amended complaint, the court finds that those transactions which occurred between September 6, 1981 and September 6, 1983 are not time-barred.

The remaining question with respect to plaintiff's claims in count 1 is whether those transactions occurring within a year's time of the filing of this lawsuit are time-barred. The clear language of section 13 indicates that they are not.

Count 2 of plaintiff's amended complaint alleges that defendants violated section 10(b) of the Securities Exchange Act of 1934. Defendants counter that plaintiff again fails to set forth sufficient facts to toll the relevant statute of limitations.

Federal courts borrow the relevant state statute of limitations when addressing the timeliness of actions under section 10(b) because the 1934 Act does not have its own statute of limitations. The relevant provision in this case is Fla.Stat. § 95.-11(4)(e), which provides:

(4) WITHIN TWO YEARS

(e) An action founded upon a violation of any provision of part I of Chapter 517, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, but not more than 5 years from the date such violation occurred.

Although state law controls the limitations period, the date the statute begins to run and the circumstances that toll it are determined by federal common law. *See Sargent v. Genesco, Inc.,* 492 F.2d 750 (5th Cir.1974); *Azalea Meats v. Muscat,* 386 F.2d 5 (5th Cir.1967).

The court has carefully considered the allegations of count 2 and finds that plaintiff also has alleged sufficient facts to toll the limitations period of Fla.Stat. § 95.11(4)(e). The court finds that plaintiff's lack of both sophistication and opportunity to discover the facts is sufficient to objectively conclude that plaintiff's action is timely. Certainly, the court would be more comfortable had the plaintiff alleged that defendants concealed their activities despite her numerous inquiries. *See Baselski v. Paine, Webber, Jackson & Curtis, Inc.,* 514 F.Supp. 535 (N.D.Ill.1981). But an unsophisticated investor who considers her broker to be a fiduciary should not be expected to make as diligent or comprehensive an inquiry as a sophisticated investor who is the victim of a flagrant and widely publicized fraud. *Azalea Meats,* 386 F.2d at 9.

Defendants next argue that count 3 of plaintiff's amended complaint should be dismissed for lack of an underlying federal claim. In light of the court's ruling as to defendants' arguments regarding counts 1 and 2, this additional position must be rejected.

Finally, defendants seek in the alternative that plaintiff's complaint be submitted to arbitration. In light of the Supreme Court's decision in *Dean Witter Reynolds, Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), arbitration clearly is the preferred path. Indeed, federal law provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Federal Arbitration Act, 9 U.S.C. § 2. In the aftermath of *Byrd,* parties hoping to avoid arbitration of securities claims are seeking refuge in the last clause of section 2. They contend, as has plaintiff in this case, that the contract containing the arbitration clause is invalid because of fraudulent inducement, unconscionability or lack of mutuality. *E.g., Pierson v. Dean, Witter, Reynolds, Inc.,* 742 F.2d 334 (7th Cir.1984). Of course, there can be no arbitration if the arbitration clause was induced by fraud or the entire agreement is invalid. *See Wick v. Atlantic Marine, Inc.,* 605 F.2d 166, 168 (5th Cir.1979). But plaintiff must do more than simply make conclusory statements

attacking the validity of the arbitration clause. She must file affidavits and other evidence that support her claim. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 944, 74 L.Ed.2d 765 (1983); *Pierson*, 742 F.2d at 339 & n. 5. In this case, plaintiff has alleged that she is an unsophisticated investor, that the arbitration clause is merely a standardized form favoring defendants, and that plaintiff never agreed to be bound by the arbitration provision. Plaintiff basically attempts to argue out of existence all standardized customer contracts in the brokerage industry. The proliferation of these contracts, while not absolute proof of their legality, certainly is testimony to their workability and suggests that they are valid. The court is not inclined, however, to rule on plaintiff's arguments without first enabling defendants to file a response addressing the alleged deficiencies in the arbitration clause and the customer's contract.

Accordingly, the plaintiff is instructed to file any additional affidavits or other proof (as distinct from further legal memoranda) in support of its position with regard to arbitration within ten days of entry of this order. Defendants will thereafter have twenty days to file a legal response along with evidentiary submissions of its own. At that point, the court will rule on the arbitrability of plaintiff's claims. In making that ruling, the court will be guided by the instructive language of the Supreme Court in *Mercury Construction:* "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability." 103 S.Ct. at 941–42 (footnote omitted although the parties are advised to review the cases cited therein). Of course, the court is also mindful that under *Byrd* and *Wilko*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 plaintiff's claim under section 12(2) of the 1933 Act is not susceptible to arbitration.

In conclusion, the defendants' motion to dismiss plaintiff's amended complaint is denied. The court reserves ruling on the defendants' motion to compel arbitration pending the submission of documentary evidence by the parties in the manner specified above.