508 So.2d 494 (1987)
S. Michael SHLACHTMAN, Appellant,
v.
Jaime A. MITRANI and Esther Mitrani, His Wife and Israel Magrisso and Susan Magrisso, His Wife, Appellees.
No. 86-1716.
District Court of Appeal of Florida, Third District.
June 9, 1987.
Gelb & Spatz and Carl Spatz, Miami, for appellant.
Shapiro & Weil and L. George Scheer, Boynton Beach, for appellees.
*495 Before BARKDULL, HUBBART and BASKIN, JJ.
BARKDULL, Judge.
Following a successful specific performance suit, the plaintiff moved for attorney's fees and costs which were provided for in the deposit receipt agreement. In the final judgment granting specific performance, the trial court awarded fees and costs but reserved jurisdiction to determine the amount in a subsequent proceeding. The parties agreed that the matter would be submitted on affidavit. The plaintiff submitted an affidavit reflecting $2,161.64 in expenditures for costs and two affidavits in respect to attorney's fees which indicated that a reasonable fee was $14,175.00. This was met by a six page memorandum questioning the reasonableness of many of the charges in the affidavit. The trial court entered a judgment for fees in the amount of $7,335.00 and costs in the amount of $938.09. Upon appeal, the plaintiff contends that even though the trial court has discretion in awarding fees, that under the "lodestar" approach, as found in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), it was required to pay the full amount reflected in the affidavits as to the amount of hours spent and the reasonable fee calculated thereon of $150 an hour. He also contends that the trial court had no discretion but to award the plaintiff his entire costs bill.
The appellees respond that the Rowe decision relates only to statutory fees and not to attorney's fees rendered generally, particularly in equity proceedings, and lastly, that the court has discretion when a matter pends in equity to award less than the entire cost bill. We agree with the appellees in part and affirm. See Stabinski, Funt & De Oliveira, P.A. v. Alvarez, 490 So.2d 159 (Fla.3d DCA 1986).
The Rowe opinion is subject to the interpretation that it is limited in its application, "to fees imposed ancillary to the primary action against a nonclient, either under common law principles, see Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3rd Cir.1973) (Lindy I) (award of fees from a common fund created through efforts of attorney), or as in Rowe itself, and in Boyle and Lyons, pursuant to statutory authorization", see Stabinski, Funt & De Oliveira, P.A. v. Alvarez, supra, and until such time as the supreme court makes it clear that the "lodestar" approach is to be used in any fee awards, its application should be so limited. Interestingly enough, if the plaintiff's position is correct, then when a jury verdict is rendered in a common law action for attorney's fees pursuant to contract, the jury would have to make specific findings to meet such a requirement. Traditionally, equity courts have had the discretion to apportion costs and we find no abuse of discretion in the instant case. Akins v. Bethea, 160 Fla. 99, 33 So.2d 638 (1948); Cruger v. Allstate Ins. Co., 162 So.2d 690 (Fla.3d DCA 1964); Sullivan v. Rank, 132 So.2d 37 (Fla.2d DCA 1961).
We have not overlooked the opinion of the Fourth District Court of Appeal in Alston v. Sundeck Products Inc., 498 So.2d 493 (Fla. 4th DCA 1986), and realize that we are in conflict therewith; however, we respectfully decline to follow the holding of that case.
Therefore, for the reasons above stated, the order awarding attorney's fees and costs be and the same is hereby affirmed.
Affirmed.