568 So.2d 1321 (1990)
UNITED SERVICES GENERAL LIFE COMPANY, Appellant,
v.
Melvin BAUER, Jr., Appellee.
No. 89-03374.
District Court of Appeal of Florida, Second District.
October 26, 1990.
*1322 Richard A. Ulrich of Duffey, Judd, Webb, Wood & Davis, P.A., Sarasota, for appellant.
James E. Deakyne, Jr., of Nunez & Deakyne, St. Petersburg, for appellee.
SCHEB, Judge.
This appeal from a nonfinal order involves a sales commission dispute between Appellant United Services General Life Company, an Iowa-based national insurance company, and Appellee Melvin Bauer, Jr., one of its Florida agents. United Services challenges an order denying its motion to dissolve a temporary injunction, thereby preventing it from submitting the dispute to arbitration pursuant to a provision in the parties' contract.
At this stage, the threshold issue to be determined before arbitration proceeds is which documents physically constitute the contract entered into by the parties. Both parties acknowledge that a contract existed and that it included the "General Agent Contract," which contains the arbitration provision. They disagree, however, as to whether a separate document, entitled "Life Commission Schedule," was part of the contract. The "Life Commission Schedule" is the document upon which United Services bases its claim that Bauer must return certain commissions.
Bauer's complaint and the parties' pre-litigation correspondence attached as exhibits implies that confusion over the scope of the contract existed from the beginning. Bauer contends that the "General Agent Contract" and certain attachments furnished by United Services formed his agreement and that it became binding when he signed it and mailed it to United Services on September 8. These exhibits also detail a claim by United Services that it never intended the "General Agent Contract" to be the one all-inclusive employment contract nor that it was to become effective upon Bauer's signature. According to a letter from United Services' president, Paul J. Cross, United Services was to send a formal contract properly countersigned by the home office along with additional papers, including a "Life Commission Schedule," which would constitute a complete detailed commission agreement.
Bauer sought a declaratory judgment that the "Life Commission Schedule" was not part of the contract. He also sought an injunction to prevent arbitration. The trial court entered a temporary injunction preventing arbitration and denied United Services' motion to dissolve, but has not yet acted on the declaratory count. United Services timely appealed. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(B). We affirm.
Obviously, at some point, a determination will have to be made regarding whether the "Life Commission Schedule" was part of the employment contract. In this appeal, however, we are called upon to decide only who will make that decision: a Florida trial court or the Iowa arbitrators. Our journey to the resolution of this question is marked by three mileposts.
First, we agree with our sister districts that the Federal Arbitration Code supersedes the Florida Arbitration Code where interstate commerce is involved. Thus, a Florida court must enforce a valid arbitration clause which provides for arbitration in a foreign jurisdiction where the contract concerns interstate commerce. Merrill Lynch, Inc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981). See, e.g., Rosen v. Shearson Lehman Bros., Inc., 534 So.2d 1185 (Fla. 3d DCA 1988), rev. denied, 544 So.2d 200 (Fla. 1989); Old Dominion Ins. Co. v. Dependable Reinsurance Co., Ltd., 472 So.2d 1365 (Fla. 1st DCA 1985); Donmoor, Inc. v. Sturtevant, 449 So.2d 869 (Fla. 5th DCA 1984).
Second, we hold that the employment arrangement at issue here involves interstate commerce. United Services correctly argues that a commissions claim under an insurance agency contract falls within the factual scenarios involved in Old Dominion ("retrocession agreement" between two insurance companies involved *1323 interstate commerce and arbitration was ordered of payment dispute) and Donmoor (employment contract between a national corporation and its sales representative constituted interstate commerce and thus the Federal Administrative Act applied to commission claim). Accord, Merrill Lynch v. Shubert, 577 F. Supp. 406 (M.D.Fla. 1983) (employment agreement of stock broker deemed interstate commerce). Thus, the arbitration clause, which both parties admit is a part of the contract, should be enforced.
Third, we hold that where, as here, there appears to be a bona fide dispute as to which documents constitute the parties' contract, the trial court's jurisdiction may be invoked to settle this dispute before arbitration can proceed. This precise issue appears to be one of first impression, and our view requires elaboration.
Section 682.03, Florida Statutes (1987), states that a court shall summarily hear and determine a substantial issue "raised as to the making of the agreement or provision." There is little doubt that if Bauer were challenging the existence of the arbitration provision in particular or the existence of the contract as a whole, those issues would be resolved by the trial court according to general contract principles. See, e.g., Merrill Lynch v. Melamed, 425 So.2d 127 (Fla. 4th DCA 1982); R.B.F. Management Co. v. Sunshine Towers Apt. Residences Ass'n, Inc., 352 So.2d 561 (Fla. 2d DCA 1977); Boyd v. Merrill Lynch, 611 F. Supp. 218, on rehearing, 614 F. Supp. 940 (S.D.Fla. 1985); Cruger v. Allstate Ins. Co., 162 So.2d 690 (Fla. 3d DCA 1964) (existence of a contract was proper question for court). The wrinkle here is that Bauer admits the existence of the basic contract document with its arbitration clause, but denies the incorporation of the document that provides the basis for United Services' commissions claim.
We are mindful that the trend is to liberally construe the authority of arbitrators even to the point of allowing them to determine whether an issue is arbitrable if the language of the arbitration clause is sufficiently broad. See generally 5 Am.Jur.2d Arbitration and Award § 15; Vic Potamkin Chevrolet Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980). We also note that the clause the parties placed in the contract is broad, referring to arbitration "any dispute or disagreement [which] shall arise in connection with any interpretation of this agreement." Nevertheless, we think the ability of the arbitrators to determine the scope of their authority presupposes the existence of a contract which includes not only the provision mandating arbitration, but the provision allegedly establishing a claim.
We have considered Bauer's argument that the determination is basically factual, not legal, and therefore should be decided by the arbitrators. Although the decision certainly involves consideration of factual contentions, the core issue of what constitutes a contract is legal and is properly resolved by a court. Thus, the decision as to whether the crucial "Life Commissions Schedule" was a physical part of the contract is a threshold decision to be determined by the court.[1]
We find somewhat analogous those cases which hold that the existence of coverage in uninsured motorist insurance contracts is a matter for judicial determination and not a question to be arbitrated. United States Fidelity and Guar. Co. v. Woolard, 523 So.2d 798 (Fla. 1st DCA 1988); Travelers Ins. Co. v. Lee, 358 So.2d 88 (Fla. 3d DCA 1978). Just as the arbitrators in those cases had to know the scope of coverage before arbitration could begin, the Iowa arbitrators in the instant case must know the scope of a contract before they can determine whether United Services is entitled to a refund of commissions paid to Bauer. See Merrill Lynch v. Falowski, 425 So.2d 129 (Fla. 4th DCA 1982) (factual hearing was required to determine whether *1324 certain transactions and investments related to a deposit account subject to arbitration).
Finally, we distinguish the instant case from Feather Sound Country Club, Inc. v. Barber, 567 So.2d 10 (Fla. 2d DCA 1990). In Feather Sound, this court held that the issue of whether an arbitration clause had expired by its very terms was a matter for arbitration. The issue there involved the interpretation of an arbitration agreement that both parties agreed was part of the original contract. They only differed over whether events occurring after the formation of the contract activated the agreement's cancelling provision. In contrast, the instant dispute concerns not the interpretation of a contractual provision, but its very incorporation into the parties' contractual agreement.
Accordingly, we affirm the trial court's denial of United Services' motion to dissolve the temporary injunction. We remand to the trial court for proceedings consistent with this opinion.
SCHOONOVER, C.J., and RYDER, J., concur.
NOTES
[1] We acknowledge that there may be concern that an insubstantial claim as to what constitutes a contract could cause the arbitration process to be thwarted or unduly delayed. We note, however, that such action could subject the litigant and the attorney to attorney's fees. See § 57.105(1), Fla. Stat. (1989).