LAWRENCE, J.
Walton Regional Hospital (hospital) appeals a medical negligence arbitration award to Linda and Danny Yell. We affirm.
Linda Yell (patient), on October 4, 1993, while being treated at the hospital,[1] received an improper administration of medication (Phenergan). The medication error caused permanent and serious injury. The patient and her husband, Danny Yell, filed a notice of intent to initiate malpractice litigation in June 1995; the hospital forwarded the notice to its insurer, Florida Physicians Insurance Company (insurer). The insurer, by letter of September 19, 1995, offered to admit liability in exchange for binding arbitration pursuant to statute.[2] The patient accepted the insurer’s offer and an arbitration award of $2,975,-291.58 was filed on May 11, 1998. The hospital, after the arbitrators’ award, moved to set aside the award on various grounds, and to disqualify one of the arbitrators, Buchanan, on the basis that Buchanan represents a plaintiff in another ease against the hospital.
The hospital’s motion to stay the award was granted here, upon condition of the posting of a bond. Case 98-2110 is the hospital’s appeal from the arbitration award. Case 99-67 is the hospital’s appeal from a December 3,1998 order of the chief arbitrator, denying the hospital’s motions to disqualify Buchanan, and to vacate the arbitration award. This court consolidated cases 98-2110 and 99-67 for all appellate purposes.
We affirm the orders under review in all respects and write solely to address the issue of attorney’s fees on appeal. The hospital argues that the appellees are not entitled to an appellate attorney’s fee because they have already been awarded fifteen percent of the arbitration award, which is the maximum allowed under section 766.207(7)©, Florida Statutes (1993). We disagree. Section 59.46, Florida Statutes (1993), provides:
In the absence of an expressed contrary intent, any provision of a statute or of a contract entered into after October 1, 1977, providing for the payment of attorney’s fees to the prevailing party shall be construed to include the payment of attorney’s fees to the prevailing party on appeal.
We find no contrary intent expressed in the arbitration statute, to-wit:
© The defendant shall pay the claimant’s reasonable attorney’s fees and costs, as determined by the arbitration panel, but in no event more than 15 percent of the award, reduced to present value.
§ 766.207(7). Neither do we construe that portion of the statute providing for a maxi *1155 mum of fifteen percent as including appellate attorney’s fees. The language of section 766.207(7) contemplates the award of attorney fees only for services rendered in the proceedings before the arbitration panel. The application of section 59.46 thus permits an award of appellate attorney’s fees to be paid by the hospital.
Accordingly, we affirm in all respects and remand for the determination and assessment by the arbitration panel of a reasonable attorney’s fee for the appellees on appeal.
JOANOS and VAN NORTWICK, JJ., CONCUR.

. The hospital is a Florida close corporation.

. § 766.207, Fla. Stat. (1993) (Voluntary binding arbitration of medical negligence claims).