LAWRENCE, J.
Linda Yell (Yell) appeals, and Florida Physicians Insurance Company, Incorporated (insurer) cross-appeals, a final declaratory judgment. We reverse the appeal and affirm the cross-appeal.
Yell was seriously injured when a medication was negligently administered to her while she was being cared for in a hospital owned and operated by Healthmark of Walton, Incorporated, doing business as Walton Regional Hospital (hospital). The hospital and its insurer offered to admit liability and submit the issue of damages to binding arbitration pursuant to Section 766.207, Florida Statutes (1993). Yell accepted, and ultimately received an arbitration award. The award was affirmed here in an earlier appeal from Escambia County. Walton Reg’l Hosp. v. Yell, 744 So.2d 1153 (Fla. 1st DCA 1999). The insurer, after admitting liability, filed suit for declaratory judgment in Walton County, seeking a judicial determination of whether its insurance policy provided coverage for Yell’s claim. The insurer later joined Yell in the declaratory judgment action.
The trial court, in the August 8, 1999 order under review, entered a final declaratory judgment in favor of the insurer, reasoning that workers’ compensation was Yell’s exclusive remedy for her injury, that the insurance policy did not cover workers’ compensation claims, and accordingly there was no coverage under the policy with the hospital. Yell appeals and the insurer cross-appeals, raising the issue of the trial court’s denial of its motion to stay the earlier arbitration proceeding.
The facts essential to our disposition of the appeal are these. The insurer’s investigator William Daye, who had been the insurer’s claims supervisor for fifteen years, testified on deposition that he knew from the “get go” that the patient was an employee of the hospital; Daye suggested to counsel that a possible workers’ compensation claim be investigated. The hospital’s CEO, Dr. Thompson,[1] testified on deposition that Mr. Daye phoned him and reported: ‘Your case is indefensible. We’re assigning an attorney, we’re going to represent you, but you’ve got to cooperate with us because of these Florida Statutes and how it will protect us.” Dr. Thompson further testified that Mr. Daye said: ‘We’ve investigated, we know what we’re doing. You must cooperate with us, and it has to be done immediately.” Mr. Daye then sent the following letter on the insurer’s letterhead to Yell’s attorney: “Pursuant to Florida Statute 766.106 and 766.207 on behalf of Walton Regional Hospital, we are making an offer to admit liability as to any claim of Linda S. Yell, and/or any derivative claims arising out of any claim of Linda S. Yell’s claim against Walton Regional Hospital only.”[2] The letter makes no mention of any workers’ compensation defense; the letter makes mention of reservation of rights only against the hospital.
Workers’ compensation immunity is an affirmative defense. See Mandico v. Taos Constr., Inc., 605 So.2d 850, 854 (Fla. 1992). The admission of liability and sub *570 mission of the case to the fact finder solely on damages is a waiver of defenses. See New York Cent. Mut. Fire Ins. Co. v. Diaks, 69 So.2d 786 (Fla.1954) (the defendant’s stipulation to liability under the policy, and submission of the case to the fact finder solely on damages, waived the claim that the policy was void for failure to disclose material facts). The instant insurer’s offer of binding arbitration was accepted by Yell, and the insurer’s admission of liability to secure the advantages of binding arbitration thus waived workers’ compensation immunity. Mandico; Diaks.
Declaratory judgment is appropriate only when there is an actual controversy before the court; a court otherwise lacks jurisdiction. Martinez v. Scanlan, 582 So.2d 1167 (Fla.1991) (holding that certain amendments to the workers compensation law violated the single-subject rule, and that the trial court lacked jurisdiction to consider claims alleging harm by the amendments where the claimants presently were not being harmed by the amendments, nor could the claimants allege future harm). The Florida Supreme Court explained:
This Court has long held, however, that individuals seeking declaratory relief must show that
there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.
Thus, although a court may entertain a declaratory action regarding a statute’s validity, there must be a bona fide need for such a declaration based on present, ascertainable facts or the court lacks jurisdiction to render declaratory relief.
Id. at 1170 (citations omitted) (emphasis added). The instant insurer, having waived its defenses in exchange for Yell’s agreement to arbitrate, had no present controversy with Yell to litigate in its declaratory judgment action; the court thus lacked jurisdiction over Yell. Martinez.
The insurer nevertheless relies on Uni-jax, Inc. v. Factory Insurance Ass’n, 328 So.2d 448 (Fla. 1st DCA 1976) (affirming a judgment for the insurer and for the agent hired to secure insurance against business interruption, and holding that the insurer’s agreement for prelitigation payment would not support a claim of estoppel in view of a specific provision in the agreement against waiver). Unijax is inapplicable: it turned on a contract provision to which the insurer and insured agreed; the instant case, by contrast, turns on an express agreement by the insurer to admit liability in exchange for the benefit of caps, provided by the arbitration statutes, on Yell’s damages.
The insurer also relies on Travelers Insurance Co. v. Lee, 387 So.2d 387 (Fla. 3d DCA 1980) (reversing in part, affirming in part, and holding that where the district court failed to grant an insurer’s motion to stay arbitration proceedings regarding uninsured motorist coverage, yet the court ultimately held the arbitration should have been stayed, the part of the summary final judgment confirming the arbitration award would be reversed). Lee too is inapposite to the instant case: nothing in Lee discloses that the insurer admitted liability to *571 secure for itself a benefit in one forum and then, in another forum, instituted a declaratory judgment action denying liability. The instant action involves medical malpractice, not uninsured motorist coverage; the statutes governing medical malpractice place a cap on damages in exchange for an agreement to submit to binding arbitration. The insurer, once having secured the advantage of the arbitration caps on damages, was no longer free to change forums.
We therefore reverse the order under review insofar as it speaks to Yell’s rights and remedies, and remand the cause for consistent proceedings regarding the present controversy posed in the declaratory judgment action: the' question of the hospital’s insurance coverage by the insurer. We affirm without discussion the cross-appeal.
AFFIRMED in part and REVERSED in part and REMANDED.
ERVIN and PADOVANO, JJ., CONCUR.

. Dr. Thompson is a doctor of philosophy in administration; he has no medical degree.

. Section 766.207(7)(b), Florida Statutes (1993), caps the patient's non-economic damages at $250,000.