FULMER, Judge.
Jeffrey and Tina Lasman challenge the trial court’s order dismissing their suit against Freedom Life Insurance Company of America for breach of an insurance contract. The dismissal was based on the trial court’s determination that the dispute was subject to mandatory arbitration pursuant to an arbitration clause in the contract at issue. We reverse the dismissal and remand for the trial court to resolve the threshold issue of whether a contract exists between the parties.
On 'June 13, 2000, after discussions with Freedom Life’s agent, Frederick T. Stahl, the Lasmans completed an application for health insurance with Freedom Life. Stahl provided the Lasmans with a benefits and features brochure and advised them that, upon receipt of the initial premium, the insurance coverage would be effective as of June 15, 2000. The Lasmans provided the initial premium to Stahl prior to the June 15, 2000, effective date.
On June 25, 2000, Tina Lasman broke her ankle. After Stahl verified that the Lasmans’ insurance with Freedom Life was in full force and effect, Tina Lasman underwent surgery on her ankle. Following surgery, the Lasmans received two letters from Freedom Life, both dated June 28, 2000, notifying them that their application for insurance had been denied.
The Lasmans filed suit against Freedom Life seeking damages for breach of contract and claiming estoppel to deny coverage due to the acts of its agent, Stahl. Freedom Life filed a Motion to Stay Pending Alternative Dispute Resolution. In its motion, Freedom Life denied that an insurance contract existed; however, it claimed that if a policy had been issued, the parties would be required to resolve all issues under the dispute resolution procedure set forth in the disputed contract. It attached a specimen policy to its motion. After a hearing, the trial court denied the motion citing to United Services General Life Co. v. Bauer, 568 So.2d 1321 (Fla. 2d DCA 1990), and stating: “[T]he first issue that needs to be resolved is whether or not there was indeed a contract and what that contract is. That is the threshold decision to be determined by the court.”
Freedom Life then filed a motion to dismiss, again denying the existence of the contract but asserting that the policy it filed as an exemplar required the Lasmans to submit all disputes to arbitration. After a hearing, the trial court reversed its prior decision on Freedom Life’s motion to stay and granted Freedom Life’s motion to dismiss the civil action. Although the order of dismissal does not compel arbitration, it is clear from the record that the trial court concluded that the Lasmans’ dispute with Freedom Life must be resolved through arbitration. We disagree. *789 Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999); see also Chastain v. Robinson-Hymphrey Co., 957 F.2d 851 (11th Cir.1992) (holding that where a party is challenging the existence of an agreement, including the existence of an agreement to arbitrate, trial court is required to determine the existence tof the agreement before compelling arbitration). Here, the conflicting allegations in the parties’ pleadings put the making of the arbitration agreement at issue. Thus, the first task of the trial court was to determine whether a valid written agreement to arbitrate existed. Resolution of that issue turns entirely on whether the parties agreed to an insurance contract. Thus, the trial court’s first ruling in this case, on the motion to stay, was correct, and the trial court erred in granting the motion to dismiss.
*788 Under both federal statutory provisions and Florida’s arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.
*789 Accordingly, we reverse and remand for further proceedings consistent with this opinion.
CASANUEVA and DAVIS, JJ., concur.